A90A0473. CLIFTON v. GILLIS.
(394 SE2d 582)

BIRDSONG, Judge.

Clifton appeals from an adverse judgment on Gillis' claims for conversion of Gillis' property, malicious prosecution, and malicious use and abuse of process. The trial court set off $300 owed by Gillis and awarded Gillis $2,330 in actual damages and $3,000 in punitive damages.

No transcript of the proceedings was filed with the record on appeal. The record shows this appeal arises from the second trial of the case. Clifton failed to appear in the first trial, and Gillis was awarded judgment for $2,330 in actual damages and $7,000 in punitive damages.

Subsequently, Clifton filed for bankruptcy, and later he was granted a new trial because he had not been informed of the date of the first trial. Thereafter, the bankruptcy court authorized Gillis to pursue this action because it found that Clifton's actions were wilful and malicious and any resulting damages were not dischargeable. At the new trial, Clifton appeared pro se and the trial court again found for Gillis. Nothing in the record on appeal reflects that prior to the trial Clifton requested a continuance to obtain or consult with counsel.

Thereafter, Clifton again moved for a new trial asserting that the trial court erred by not allowing him to "seek the assistance of new counsel" and because he had a new witness of whom he was unaware at the time of trial. After a hearing, the trial court denied the motion. No transcript of this hearing is contained in the record on appeal. Clifton now appeals because he contends the trial court erred by not granting a continuance so he could secure replacement counsel, by not inquiring about the availability of the new witness when the court learned of the new witness, and by denying the motion for new trial. *Held*:

1. Whether to grant a continuance is within the sound discretion of the trial court and without a showing that the discretion was abused, the trial court's decision will not be reversed. OCGA § 9-10-167 (a): *Davis v. Barnes*, 158 Ga. App. 89, 90 (279 SE2d 330). Further, Clifton has the burden of showing harmful error in the record, and he has failed to meet his burden. See *Payton v. Green*, 179 Ga. App. 438, 440 (346 SE2d 884). The record contains no evidence showing the trial court abused its discretion, and factual assertions in briefs, not supported by evidence of record, cannot be considered in the appellate process. *Behar v. Aero Med Intl.*, 185 Ga. App. 845 (366 SE2d 223). Clifton's affidavit, submitted in support of his motion for new trial, is not sufficient to establish that the trial court abused its discretion. Clifton was required to show that he used diligence (OCGA § 9-10-166), and merely reciting that one exercised due diligence is not sufficient to establish either that one did so, or that the trial court was provided sufficient facts to establish that the trial court abused its discretion in finding otherwise. As there is no transcript of either the trial or the hearing on the motion for new trial showing that the trial court abused its discretion, we must assume that the trial court's ruling was correct. *Wimberly v. Karp*, 185 Ga. App. 571, 573 (365 SE2d 131); *Wetherington v. Koepenick & Horne, Inc.*, 153 Ga. App. 302, 304-305 (265 SE2d 107).

2. Clifton also alleges the trial court erred by not inquiring about the availability of a witness. His brief shows that Clifton is contesting the scope of the inquiry conducted by the trial court during the hearing on the motion for new trial. Since Clifton had the burden on this

issue (*James v. State*, 115 Ga. App. 822, 823 (156 SE2d 183)), it was his responsibility to present sufficient evidence to the trial court to support his motion, and it was not the trial court's responsibility to develop the evidence for him. There was no error here. Moreover, nothing in the record on appeal suggests that he met his burden under OCGA § 5-5-23 for granting a new trial based on newly discovered evidence. See *Timberlake v. State*, 246 Ga. 488, 491 (271 SE2d 792); *Westbrook v. State*, 186 Ga. App. 493, 497 (368 SE2d 131). In particular, there was no affidavit from the newly discovered witness showing what his testimony would have been. See *Head v. State*, 160 Ga. App. 4, 8 (285 SE2d 735).

3. Finally, Clifton enumerates as error that the trial court erroneously denied his motion for a new trial. The only basis for this contention, not discussed above, is a reference to OCGA § 5-5-25 ("Other grounds"), but the record shows that the only grounds for the motion asserted in the trial court were "not allowing the [p]laintiff to seek the assistance of a new counsel" and "[p]laintiff has a new witness, which [p]laintiff was not aware of at the time of the trial." In view of our disposition of these enumerations in Divisions 1 and 2, the trial court did not err by denying the motion for new trial. Further, we could not consider the other ground under OCGA § 5-5-25, whatever it may be, since it is being raised for the first time on appeal. *Ehlers v. Schwall & Heuett*, 177 Ga. App. 548, 550-551 (340 SE2d 207); see also *MacDonald v. MacDonald*, 156 Ga. App. 565, 566 (275 SE2d 142).

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED MAY 7, 1990 —
REHEARING DENIED MAY 23, 1990 —

*Sage Brown*, for appellant.
*Gerald L. Olding*, for appellee.