A92A2200. PAINO v. CONNELL et al.

(428 SE2d 446)

CARLEY, Presiding Judge.

Appellant-plaintiff brought suit, alleging a claim for abusive litigation against appellee-defendants. Appellees answered and subsequently moved for summary judgment. The day before the hearing was held on appellees' motion, appellant amended his complaint to allege an additional four counts. After conducting the scheduled hearing, the trial court granted summary judgment in favor of appellees as to all five counts. Appellant appeals from this order.

1. The trial court did not err in denying appellant's motion for a continuance of the hearing on appellees' motion. *Clifton v. Gillis*, 195 Ga. App. 712, 713 (1) (394 SE2d 582) (1990).

2. "As a condition precedent to any claim for abusive litigation, the person injured . . . shall give written notice . . . to any person against whom such injured person intends to assert a claim for abusive litigation and shall thereby give the person against whom an abusive litigation claim is contemplated an opportunity to voluntarily withdraw, abandon, discontinue, or dismiss the civil proceeding. . . ." OCGA § 51-7-84 (a). It is undisputed that appellant had *not* given the requisite notice to appellees during the pendency of those prior legal proceedings upon which his instant abusive litigation claim was premised. The statutory tort of abusive litigation is in derogation of the common law and its notice provisions are "strictly construed in order to accomplish its overriding purpose to give a prospective defendant the chance to change position and avoid liability, [cit.]. [Cits.]" *Talbert v. Allstate Ins. Co.*, 200 Ga. App. 312, 314 (2) (408 SE2d 125) (1991). Moreover, to the extent that appellant relied upon a prior foreclosure proceeding conducted under power of sale as the predicate for his instant abusive litigation claim against appellees, he failed to state any claim for relief. *Ingram v. JIK Realty Co.*, 199 Ga. App. 335, 338 (2a) (404 SE2d 802) (1991). It follows that the trial court correctly granted summary judgment in favor of appellees as to appellant's abusive litigation claim.

3. The amendment to appellant's complaint adding four additional counts was not untimely filed. "A party may amend his pleading as a matter of course and without leave of court at any time

before the entry of a pretrial order." OCGA § 9-11-15 (a). At the hearing on appellees' motion for summary judgment as to appellant's abusive litigation claim, the trial court inquired about the amendment to the complaint filed on the preceding day and granted summary judgment in favor of appellees as to the four additional counts contained therein on the ground that those "really do not present any additional claims or theories for relief that would not obviously be included and embodied in [appellant's] contentions of abusive litigation."

A review of the record indicates that the trial court may have erred in its construction of the allegations of the amendment to appellant's complaint. Appellant appears to have asserted at least two additional legal or equitable claims or theories of recovery based upon an alleged wrongful foreclosure. See generally *Clark v. West*, 196 Ga. App. 456 (395 SE2d 884) (1990). In any event, the trial court committed procedural error by granting summary judgment as to appellant's amended complaint. No motion for summary judgment as to the four additional claims set forth in appellant's amended complaint had been made 30 days prior to the trial court's grant of summary judgment. See *Peoples Fin. Corp. of Rome v. Jones*, 134 Ga. App. 649 (215 SE2d 711) (1975). Accordingly, the trial court's order must be reversed as to the grant of summary judgment in favor of appellees on the four counts contained in appellant's amendment to his complaint.

*Judgment affirmed in part and reversed in part. Pope, C. J., and Johnson, J., concur.*

### DECIDED MARCH 1, 1993.

Michael J. Paino, *pro se.*

*Shepherd & Brown, Timothy N. Shepherd, Adams, Barfield, Dunaway & Hankinson, David B. Dunaway*, for appellees.

