A97A1916, A97A1917. ATHENS INTERNATIONAL, INC. et al.
v. VENTURE CAPITAL PROPERTIES, INC.; and vice versa.
(495 SE2d 900)

BLACKBURN, Judge.

Athens International, Inc. (Athens) and Sandy's Pizza, Inc. (Sandy's) (collectively referred to as the guarantors) were joint guarantors on a lease agreement between Venture Capital Properties, Inc. (Venture), as the landlord, and MD, Inc. (MD), as the tenant. MD leased the premises for five years to operate an Athens Pizza restaurant. MD operated the restaurant pursuant to a franchise agreement with Athens. Venture brought the underlying action to recover damages pursuant to the guaranty, and the guarantors counterclaimed for intentional interference with the contractual and business relationships between MD, its president, Mihir Patel, and Athens. In Case No. A97A1916, the guarantors appeal the trial court's order granting Venture's motion for summary judgment on the guarantors' counterclaim. In Case No. A97A1917, Venture cross-appeals the trial court's order denying its motion for summary judgment on its claim pursuant to the guaranty.

### Case No. A97A1916

1. The guarantors contend that the trial court erred in refusing to consider and striking Susan R. Bain's affidavit. The guarantors argue that Bain's affidavit is admissible pursuant to OCGA § 24-3-34, 24-3-35, or 24-3-2. We cannot agree.

Bain is one of the attorneys representing the guarantors. Her affidavit consists of her recollection of a conversation she had with Mihir Patel, the president of MD,[1] in which Patel explained the circumstances under which he claims to have surrendered the Venture lease. Bain avers not only what Patel told her that he did and thought, but also what Patel told her that J. B. Bader told him and did. Bader worked for Venture and managed the property which

---

[1] MD was originally a defendant in the underlying action; however, it was later dismissed.

Patel was leasing. The guarantors attempt to use the affidavit for the truth of Patel's statements and the truth of Bader's statements.

OCGA § 24-3-34 provides, in pertinent part, that "[a]dmissions by a real party in interest shall be admissible, even if he is not of record." OCGA § 24-3-15 equates the term "admissions" used in civil cases with the term "confessions" used in criminal cases. See also *Lumpkin v. American Surety Co.*, 69 Ga. App. 887, 899 (27 SE2d 412) (1943) ("[t]he terms 'admissions' and 'confessions' are interchangeable"). In the present case, the trial court correctly determined that Patel's statements as recalled in Bain's affidavit are not admissions as they are not against his interest and are self-serving. See *Price v. Star Svc. &c. Corp.*, 119 Ga. App. 171, 177 (166 SE2d 593) (1969) (a self-serving statement is made "when it is of benefit to or in the interest of the one who made it, [cit.] was made out of court and not under oath, and does not include testimony which he gives as a witness").

Bain's affidavit is also not admissible pursuant to OCGA § 24-3-35 because the statements are not against Patel's interest and are not collateral to the main issue. The guarantors attempt to use Bain's affidavit to support their claim that Venture interfered with their business relationship with MD and Patel. As this is the main issue in their counterclaim, the trial court did not err in finding that Bain's affidavit was not admissible under OCGA § 24-3-35. See *Cobb v. Garner*, 158 Ga. App. 110, 112 (279 SE2d 280) (1981) (admissions inadmissible where they bear on the main issue in the case).

Nor does OCGA § 24-3-2 provide a basis for the admissibility of Bain's affidavit. The import of the affidavit is not Bain's conversation with Patel, but Patel's conversations with Bader, as related to Bain by Patel. "The evidentiary value of testimony admitted under [OCGA § 24-3-2] depends not on the credibility of the out-of-court declarant, but on the credibility of the witness on the stand who is reporting the statement for the purpose of explaining *his conduct*." (Emphasis in original.) *Harrell v. State*, 241 Ga. 181, 185 (243 SE2d 890) (1978). Therefore, because Bain's affidavit depends on the credibility of Patel, it is not admissible. While Bain's affidavit might be admissible as evidence of her motives or to explain her conduct, it is not admissible to prove the truth of Patel's statements or the truth of Bader's statements to Patel contained therein. Because Bain's motives and conduct are not relevant in the instant case, the trial court did not err in determining that her affidavit was inadmissible hearsay.

2. The guarantors contend that the trial court erred in granting Venture's motion for summary judgment on their counterclaim because disputes as to material facts exist.

"[A] movant for summary judgment who will not have the burden of proof at trial need not conclusively disprove the [nonmoving] party's case. Instead, the burden on the moving party may be dis-

charged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." (Citation and punctuation omitted.) *Harrison v. Golden*, 219 Ga. App. 772, 774 (2) (a) (466 SE2d 890) (1995).

The guarantors' counterclaim was for tortious interference with contractual and business relations. "Tortious interference with business relations is a distinct and separate tort from that of tortious interference with contractual relations, although some of the elements of the two torts are similar." *Renden, Inc. v. Liberty Real Estate &c.*, 213 Ga. App. 333, 334 (2) (444 SE2d 814) (1994). "In establishing a cause of action for malicious or tortious interference with business relations, the appellants must demonstrate that the appellee (1) acted improperly and without privilege, (2) purposely and with malice with the intent to injure, (3) induced a third party or parties not to enter into or continue a business relationship with the appellants, and (4) for which the appellants suffered some financial injury. A cause of action for intentional interference with contractual rights must be based on the intentional and non-privileged interference by a third party with *existing* contractual rights and relations." (Citations and punctuation omitted; emphasis in original.) *Lake Tightsqueeze v. Chrysler First Financial Svcs. Corp.*, 210 Ga. App. 178, 181 (5) (435 SE2d 486) (1993).

Initially, we note that the record does not contain the franchise agreement; therefore, we will not consider the counterclaim as one for interference with contractual rights. Cf. *Renden, Inc.*, supra at 334 ("Proof of a valid and enforceable contract is not required as an element of a cause of action for intentional tortious interference with business relations"). The guarantors alleged that Venture, with knowledge of the franchise agreement between Athens and MD and Patel, encouraged Patel to cease operations of the Athens restaurant and to terminate the lease in order to have the property vacant for another tenant. The evidence indicates that Venture was aware that Patel operated an Athens Pizza at a different location prior to the Venture lease. However, the record contains no evidence that Venture encouraged or in any way influenced Patel's decision to stop operating the Athens restaurant. Even if there was evidence that Venture improperly encouraged Patel to surrender the lease, such evidence does not equate to encouraging Patel to stop operating an Athens Pizza because Venture was aware that Patel operated the restaurant at another location. In other words, there is no evidence that Patel had to operate the restaurant at that location to comply with the franchise agreement. Therefore, presumably, he could have sur-

rendered the Venture lease, changed locations, and continued to operate the restaurant without breaching the franchise agreement. Instead, he surrendered the lease *and* stopped operating the restaurant. There is no evidence that Venture encouraged Patel to stop operating the restaurant.

Furthermore, the guarantors have not presented any evidence that Venture's actions were malicious. Although questions of fact do exist as to the actions of Venture and Patel surrounding the surrender, termination, or breach of the lease, such facts are not relevant to the guarantors' counterclaim because there is no evidence that the franchise agreement could not have continued without this lease. There is no evidence that Patel could not continue to operate an Athens restaurant at another location.

"[I]n response to a summary judgment motion, the non-movant may not rest on generalized allegations, but must come forward with specific facts to show that there is a genuine issue for trial. Appellant has not met its burden to go forward with this claim. *Precise v. City of Rossville*, 261 Ga. 210, 212 (3) (403 SE2d 47) [(1991)]." *Richard Haney Ford, Inc. v. Ford Dealer Computer Svcs.*, 218 Ga. App. 315, 319 (2) (a) (461 SE2d 282) (1995).[2]

### Case No. A97A1917

3. Venture contends that the trial court erred in denying its motion for summary judgment on the guaranty. Venture asserts that it established the guaranty and that the guarantors are indebted to it for unpaid rent on the lease pursuant to the guaranty. However, we cannot agree.

· The record contains evidence which indicates that MD surrendered the lease pursuant to an agreement with Venture. When returning the keys to the premises, Patel's letter indicated that he was surrendering the lease. The record also contains evidence that Venture was negotiating with Hooters to lease the premises prior to the time MD vacated it. Construing this evidence in the light most favorable to the nonmovant, we conclude that the trial court correctly determined that issues of fact precluded summary judgment in Venture's favor on its complaint.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED JANUARY 22, 1998.

---

[2] As we do not believe the guarantors instigated this appeal for delay purposes, Venture's motion for frivolous appeal is hereby denied.

*Long, Aldridge & Norman, Phillip A. Bradley, Barry J. Armstrong, Susan R. Bain,* for appellants.
*Kessler & Sparks, Michael A. Kessler,* for appellee.