### A08A0102. HARBOLT et al. v. PELLETIER.
(662 SE2d 355)

MIKELL, Judge.

Tom Pelletier sued Scott Harbolt and Vision Holdings, LLC, claiming that they had failed to account for and pay Pelletier his share of a condominium development project. Following a bench trial, the trial court entered judgment in favor of Pelletier and against Harbolt and Vision Holdings, jointly and severally, for $180,000 in principal, $15,000 attorney fees, and $5,000 for expenses of litigation.[1] On appeal, Harbolt and Vision Holdings contend that the trial court erred in (i) allowing their counsel to withdraw without allowing them an appropriate time to object, (ii) denying their motion for continuance, and (iii) awarding attorney fees and expenses of litigation. Finding no error, we affirm.

1. Harbolt and Vision Holdings contend that the trial court erred when it allowed their counsel to withdraw less than three weeks before commencement of the trial calendar without allowing them the appropriate time to object. We disagree.

The record shows that on April 20, 2007, defendants' counsel of record moved to withdraw, noting that Harbolt and Vision Holdings owed counsel a significant amount of fees and were not in a position to pay for continued representation. Counsel asked the trial court to grant the motion as soon as possible, representing that although a client generally has ten days to file an objection, Harbolt and Vision Holdings had consented to the withdrawal and were making arrangements to hire new counsel, and that the case was on a three-week trial calendar starting May 7, 2007. Attached to the motion to withdraw was counsel's certification that he had sent each client a copy of the motion and had thus provided them with the information required by Uniform Superior Court Rule 4.3 (1). The trial court granted the motion to withdraw on April 23, 2007, based, in part, on its finding that Harbolt and Vision Holdings had consented to the withdrawal.

Uniform Superior Court Rule 4.3 (1) requires an attorney to notify his client of the client's right to object to the attorney's

---

[1] The trial court granted Pelletier's motion for a default judgment against Vision Holdings in light of its failure to appear at trial. The trial court found in favor of Pelletier on his claim for money had and received and on the issue of attorney fees and costs, and in favor of Harbolt on Pelletier's claims of breach of contract, fraud, breach of fiduciary duty, conversion, and punitive damages.

withdrawal within ten days of the date of the notice, "[u]nless the withdrawal is with the client's consent."[2] Harbolt and Vision Holdings argue that the evidence was insufficient to support the trial court's finding that they had consented to the withdrawal, and that they were therefore not given sufficient time to object before the trial court granted the motion to withdraw. However, the fact of their consent was represented to the trial court by an attorney who remained, at the time, Harbolt's and Vision Holdings' counsel, who purported to have personal knowledge of the matter, and on whose statement the trial court could be expected to rely as an officer of the court, absent a challenge to its veracity.[3] If counsel had misrepresented their consent to withdrawal, Harbolt and Vision Holdings were free to bring that to the attention of the trial court, but they failed to raise the issue below. We find no error.

2. Harbolt and Vision Holdings further contend that the trial court committed reversible error by failing to grant their May 17, 2007 motion for continuance. We disagree.

Harbolt and Vision Holdings, acting pro se, filed a motion for a continuance the day before trial, claiming, among other things, that after their counsel withdrew they had diligently proceeded to locate new counsel, but that their new counsel refused to take the case absent a continuance.[4] The potential new counsel is not identified in the motion. Vision Holdings also maintained that it needed a continuance because it could not proceed without counsel of record.[5] The record does not show if Harbolt's and Vision Holdings' motion for continuance was specifically denied by the trial court. The trial court may have addressed the motion before the commencement of the trial, but there is no trial transcript in the appellate record.

"The grant or denial of a request for continuance lies within the discretion of the trial court, . . . and will not be disturbed on appeal

---

[2] USCR 4.3 (1) (I).

[3] See, e.g., *Morris v. State*, 228 Ga. 39, 49 (11) (184 SE2d 82) (1971) ("[a]ttorneys are officers of the court, and a statement to the court in his place is prima facie true and needs no further verification unless the same is required by the court or the opposite party") (citation and punctuation omitted).

[4] Other grounds included: trial without counsel is a "huge" mistake; they did not feel comfortable going to trial without counsel; and the request for continuance was not made for delay but only for new counsel to have time to prepare for trial.

[5] This argument was apparently made in light of the rule that, like corporations, limited liability companies must be represented in courts of record by attorneys. See *Sterling, Winchester & Long, LLC v. Loyd*, 280 Ga. App. 416, 417 (1) (634 SE2d 188) (2006). We note that Vision Holdings was informed of this requirement when its counsel withdrew from representation, if not earlier.

[6] (Citation omitted.) *Purvis v. Ballantine*, 226 Ga. App. 246, 247 (1) (a) (487 SE2d 14) (1997).

absent an abuse of discretion."[6] "In all cases, the party making an application for a continuance must show that he has used due diligence."[7]

Harbolt and Vision Holdings contend that the trial court did not allow them a reasonable time to hire new counsel and denied them their right to counsel of their choice and therefore abused its discretion in failing to grant the continuance. However, they do not support these contentions by reference to the record. For instance, although they claimed in their motion that they had acted with diligence in attempting to obtain new counsel, "merely reciting that one exercised due diligence is not sufficient to establish either that one did so, or that the trial court was provided sufficient facts to establish that the trial court abused its discretion in finding otherwise."[8] Furthermore, the trial court did not disqualify their counsel or otherwise prohibit them from proceeding with counsel that they had selected, and so Harbolt and Vision Holdings fail to show that the trial court denied them counsel of their choice.[9] In the absence of any evidentiary transcripts or any ruling on the matter, we can only speculate as to why the trial court did not grant a continuance and whether it abused its discretion in so doing.[10] Harbolt and Vision Holdings show no error.

3. Harbolt and Vision Holdings further contend that the trial court erred in awarding Pelletier attorney fees and costs of litigation pursuant to OCGA § 13-6-11. We disagree.

OCGA § 13-6-11 provides:

> The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

Harbolt and Vision Holdings argue that OCGA § 13-6-11 only applies to contract cases because it appears in the title of the Georgia Code governing contracts, and they point out that the trial court con-

---

[7] OCGA § 9-10-166.

[8] *Clifton v. Gillis*, 195 Ga. App. 712, 713 (1) (394 SE2d 582) (1990).

[9] Compare *Blumenfeld v. Borenstein*, 247 Ga. 406, 408 (276 SE2d 607) (1981) (client's right to counsel of his own choice required reversal of attorney's disqualification based solely on attorney's marital status and not on actual impropriety).

[10] See *Shamsai v. Coordinated Properties*, 259 Ga. App. 438, 438-439 (1) (576 SE2d 901) (2003) ("burden is on the party alleging error to show it affirmatively by the record, and when he does not do so, the judgment is assumed to be correct and must be affirmed") (citation and punctuation omitted).

cluded that there was never a contract between Pelletier and Harbolt. However, the application of OCGA § 13-6-11 is not restricted to actions for breach of contract.[11] An award of attorney fees under this provision must be upheld if supported by any evidence.[12] In the absence of a trial transcript, Harbolt and Vision Holdings cannot show that the award was not supported by any evidence.

*Judgment affirmed. Smith, P. J., concurs. Adams, J., concurs in judgment only.*

DECIDED MAY 20, 2008.

*Michael A. Dunn*, for appellants.
*Tom Pye*, for appellee.

---

[11] See *Kopp v. First Bank of Ga.*, 235 Ga. App. 520, 523-524 (3) (509 SE2d 384) (1998); *Hill Aircraft &c. Corp. v. Flanders*, 143 Ga. App. 504, 504-505 (1) (239 SE2d 155) (1977); *Parks v. Parks*, 89 Ga. App. 725, 732 (3) (80 SE2d 837) (1954).

[12] See *City of Gainesville v. Waters*, 258 Ga. App. 555, 559 (4) (574 SE2d 638) (2002).