**SECOND DIVISION**
**BARNES, P. J.,**
**MCFADDEN and MCMILLIAN , JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 20, 2013**

# In the Court of Appeals of Georgia

A12A2530. BOURFF v. GREEN TREE SERVICING, LLC.

McFADDEN, Judge.

Michael Bourff filed a pro se complaint alleging that Green Tree Servicing, LLC, had engaged in unlawful debt collection practices. Green Tree filed an answer and counterclaim, asserting that Bourff had defaulted on two real estate loans and seeking attorney fees. Green Tree moved for summary judgment as to both the complaint and its counterclaim, and the trial court granted the motion. Bourff appeals, challenging an order allowing the withdrawal of his attorney, an order vacating a prior summary judgment ruling, rulings on whether to strike affidavits, and the grant of summary judgment as to the counterclaim. Because there was no objection to the order allowing the attorney withdrawal and any purported error was harmless, the trial court was authorized to modify the prior interlocutory summary judgment ruling and

any purported error was harmless, the enumeration that the court erred in refusing to strike Green Tree's affidavits is abandoned as not supported by argument, any purported error in striking Bourff's affidavits was harmless, and there exist no genuine issues of material fact as to the counterclaim, we affirm.

1. *Appellant's brief.*

At the outset we note that Bourff's appellate brief does not contain proper citations to the specific page numbers of the record or transcript that are essential to consideration of the enumerated errors. See Court of Appeals Rule 25 (a) (1) & (c) (2) (iii). Moreover, Bourff has failed to properly state the specific method by which each enumeration of error was preserved for appellate review. Court of Appeals Rule 25 (a) (1). In absence of proper record citations, we need "not search for or consider such enumeration." Court of Appeals Rule 25 (c) (2) (i).

"Although [Bourff] is acting pro se, that status does not relieve [him] of the obligation to comply with the substantive and procedural requirements of the law, including the rules of this [c]ourt." (Punctuation and citation omitted.) *Bennett v. Quick*, 305 Ga. App. 415, 416 (699 SE2d 539) (2010).

> The rules of this court are not intended to provide an obstacle for the unwary or the pro se appellant. Briefs that do not conform to the rules . . . are not merely an inconvenience or grounds for refusing to consider

a party's contentions. Such briefs hinder this court in determining the substance and basis of an appellant's contentions both in fact and in law and may well prejudice an appellant's appeal regardless of the amount of leniency shown. Nevertheless, we will address [Bourff's] arguments, insofar as we are able to ascertain them from his brief.

(Punctuation and citation omitted.) *Williams v. State*, ___ Ga. App. ___ (734 SE2d 745) (2012).

2. *Withdrawal of attorney.*

Five months after Bourff filed his pro se complaint, an attorney filed an entry of appearance in the case on behalf of Bourff. Three months later, on February 10, 2011, the attorney filed both a request to withdraw and Bourff's written consent to the withdrawal. On April 19, 2011, the trial court entered an order granting the request, nunc pro tunc to the date of the consent withdrawal. Bourff did not object to the order, but now complains that it was error. Having "failed to raise the issue below[, w]e find no error." *Harbolt v. Pelletier*, 291 Ga. App. 582, 583 (1) (662 SE2d 355) (2008) (appellants failed to raise issue of consent to attorney withdrawal in trial court). And even if Bourff could show error, it would be harmless in light of his own deposition testimony that he had terminated the attorney from the case.

3. *Vacating of prior summary judgment order.*

3

On April 15, 2011, Green Tree filed a motion for summary judgment as to the complaint and as to its counterclaims seeking damages and attorney fees. On May 12, 2011, the trial court entered an order finding that Bourff had not filed a response and granting the motion, although the order did not calculate the amount of damages to be awarded to Green Tree on its counterclaim and made no mention of attorney fees. On November 8, 2011, the trial court vacated, sua sponte, the May 12, 2011 order because it had been entered before the expiration of the time period for Bourff's response. Bourff did not object to that November 8, 2011 order, and at a subsequent hearing he thanked the trial court for having vacated the prior summary judgment ruling. Thereafter, the trial court entered the final summary judgment order from which this appeal was taken, and which made findings of fact and conclusions of law, and which calculated specific amounts of damages and attorney fees to be awarded to Green Tree.

Bourff now claims that the November 8, 2011 order vacating the initial summary judgment ruling was void because it was entered after the term of court in which that prior ruling had been entered. "While final judgments may not be modified after the term in which they were rendered, an interlocutory ruling does not pass from the control of the court at the end of the term if the cause remains pending."

4

(Citations and punctuation omitted.) *Lott v. Arrington & Hollowell*, 258 Ga. App. 51, 56 (3) (572 SE2d 664) (2002). Contrary to Bourff's claim, the May 12, 2011 order was not a final order because the amount of damages and an award of attorney fees remained pending. Thus, the order in question was "analogous to those cases in which the liability of a party has been determined but the amount of damages to be assessed remains pending. A judgment that reserves the calculation of the amount of damages is considered interlocutory in nature and does not become final until the amount is determined." (Citations omitted.) *Sotter v. Stephens*, 291 Ga. 79, 83 (727 SE2d 484) (2012). Indeed, "[s]ummary judgment orders which do not dispose of the entire case are considered interlocutory and remain within the breast of the court until final judgment is entered. They are subject to revision at any time before final judgment unless the court issues an order 'upon express direction' under OCGA § 9-11-54 (b)." (Citations and punctuation omitted.) *Canoeside Properties v. Livsey*, 277 Ga. 425, 427 (1) (589 SE2d 116) (2003). Because the May 12, 2011 order did not dispose of the entire case and the trial court made no "express direction" entry under OCGA § 9-11-54 (b), the order remained within the breast of the trial court and was subject to revision at any time before final judgment. Consequently, the trial court's subsequent order vacating the May 12 order was not improper.

5

Moreover, even if Bourff had shown error, he has shown no harm from the order vacating the initial summary judgment order since the trial court later entered the final summary judgment order in favor of Green Tree. "An appellant must show harm as well as error to prevail on appeal; error to be reversible must be harmful." (Citation and punctuation omitted.) *Grot v. Capital One Bank (USA), N.A.*, 317 Ga. App. 786, 791 (3) (732 SE2d 305) (2012).

4. *Affidavits in support of motion for summary judgment.*

Bourff claims that the trial court erred in denying his motion to strike affidavits filed in support of Green Tree's motion for summary judgment. He has set forth no discernible argument in support of this enumeration, and instead purports to incorporate by reference motions filed in the trial court. However,

> [t]his practice is not approved by this [c]ourt and we decline to look in the record for matters which should have been set forth in the brief. Moreover, if we were to permit this practice a party could evade entirely the page limitations on briefs established in our Rules. See Court of Appeals Rule 24 (f). Accordingly, we have limited our review . . . to those [arguments] actually made in [the] appellate brief.

(Citation omitted.) *Ellison v. Burger King Corp.*, 294 Ga. App. 814, 815 (1) (670 SE2d 469) (2008).

6

In his brief, Bourff notes that Green Tree cannot raise on appeal objections not raised in the trial court. But as recited above, he has not made any discernible argument in support of the actual enumeration that the trial court erred in denying the motion to strike. Because he has failed to set forth any argument explaining how the trial court erred, this enumeration of error is deemed abandoned. See Court of Appeals Rule 25 (c) (2).

5. *Summary judgment on counterclaim.*

Bourff contends that the trial court erred in granting summary judgment to Green Tree on its counterclaim. The contention is without merit.

> When reviewing the grant or denial of a motion for summary judgment, this [c]ourt conducts a de novo review of the law and the evidence. To prevail at summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Citations omitted.) *Hadley v. Countrywide Home Loans*, 315 Ga. App. 349 (727 SE2d 183) (2012).

So viewed, the evidence as to the counterclaim shows that Bourff obtained two real estate loans that are serviced by Green Tree. He obtained a mortgage loan, executing a promissory note and deed to secure debt in the principal amount of

7

$324,300. He also entered into a home equity line of credit and another deed to secure debt. Bourff failed to make required payments, defaulting on both the mortgage loan, which had a payoff of $342,064, and on the home equity line of credit, which had a payoff of $54,148.

Bourff does not claim that he is not in default on the loans and has not pointed to any evidence in the record showing a genuine issue of material fact. Instead, he relies on immaterial allegations, unsupported by proper record citations, and his claim that the trial court erred in applying Georgia law because there was a choice of law provision in the promissory note. However, he has made no showing that he gave proper notice in his pleadings that he intended to raise an issue concerning the law of another state, and thus "the trial court did not err in applying Georgia law." *Godinger Silver Art Co. v. Olde Atlanta Marketing*, 269 Ga. App. 386, 389-390 (2) (604 SE2d 212) (2004). Accordingly, because there was no genuine issue of material fact and Green Tree was entitled to judgment as a matter of law, the trial court correctly entered summary judgment on the counterclaim. See OCGA § 9-11-56 (c).

6. *Affidavits opposing summary judgment.*

Bourff claims the trial court erred in striking two affidavits he filed on the day of the motions hearing. "Pretermitting the several grounds upon which the striking

8

of the affidavit[s] might be sustained, we note that the affidavit[s] if considered, failed to alter the result of our conclusion that the entry of summary judgment in favor of [Green Tree on its counterclaim] was proper. Any error in striking the affidavit[s] was harmless." *Fuhrman v. EDS Nanston, Inc.*, 225 Ga. App. 190, 191 (4) (483 SE2d 648) (1997).

*Judgment affirmed. Barnes, P. J., concurs. McMillian, J., concurs in the judgment only.*