**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**August 29, 2014**

# In the Court of Appeals of Georgia

A14A0735. GARY v. DOLLAR THRIFTY AUTOMOTIVE GROUP.

MILLER, Judge.

This appeal arises from a subrogation suit filed by Dollar Thrifty Automotive Group ("DTAG") against pro se defendant Joe E. Gary, Jr., to recover damages DTAG paid following a January 2007 automobile accident in which Gary was driving a DTAG rental vehicle. Following a bench trial, the trial court awarded damages to DTAG in the amount of approximately $50,000 in principal along with post-judgment interest. On appeal, Gary argues that the trial court erred in not ruling that DTAG's lawsuit was barred by res judicata and in failing to require DTAG to comply with his discovery requests.[1] For the reasons that follow, we affirm.

---

[1] As a threshold matter, we address the deficiencies in Gary's brief, which fails to comply with our Rule 25. Notably, Gary does not provide citations to the record,

On appeal from the entry of judgment in a bench trial, we view the evidence in the light most favorable to the trial court's verdict. *Cox Interior, Inc. v. Bayland Properties, LLC*, 293 Ga. App. 612, 613 (1) (667 SE2d 452) (2008). Although the bench trial was not transcribed, the evidence shows that, in January 2007, Gary rented a vehicle from DTAG. Gary was driving the DTAG rental vehicle when he was involved in an automobile accident. Gary purchased a damage waiver plan that relieved him of liability for damage to the rental vehicle, but he did not purchase supplemental liability insurance from DTAG to cover bodily injury or property damage to third parties. In February 2007, DTAG sent Gary correspondence advising him to immediately report the accident to his insurance company, Shield Insurance Company ("Shield"). There is no evidence that Gary informed Shield of the accident at that time.

In July 2011, DTAG filed the instant subrogation claim against Gary for damages it paid as a result of the accident. DTAG subsequently filed a motion for

nor does he address each enumeration of error in his argument section. see Court of Appeals Rule 25 (a) (1), (c) (1). Although Gary is proceeding pro se, he is not relieved of his obligation to conform to this Court's rules. *Bourff v. Green Tree Servicing, LLC*, 321 Ga. App. 320, 321 (1) (741 SE2d 175) (2013). Briefs that do not conform to our rules hinder our ability to determine the basis and substance of an appellant's appeal. Id. Nonetheless, we will review Gary's claims of error to the extent that we can ascertain his arguments. Id.

summary judgment, arguing that, under the rental agreement, Gary was required to indemnify DTAG. In November 2011, the trial court granted DTAG's motion for summary judgment on the issue of liability, and the case was scheduled for a bench trial on the issue of damages.

Thereafter, Shield moved to intervene and to stay the instant case until its coverage obligations could be determined in a separate declaratory judgment action. The trial court granted Shield's motions.

In the declaratory judgment action, the trial court found that, although Gary had available coverage for the accident under his policy, Shield was not obligated to provide such coverage because Gary failed to provide timely notice of the underlying accident. Shield subsequently filed a motion to dismiss it as a party to this case and to terminate the stay on the basis that it had been granted summary judgment in the declaratory judgment action. The trial court in this case granted Shield's motion to dismiss and terminated the stay.

Gary moved to compel discovery and to dismiss DTAG's lawsuit on the basis that the declaratory judgment granted to Shield precluded further litigation of DTAG's claims because the trial court in the declaratory judgment case ruled that he

was unable to pay DTAG.[2] There is no evidence that the trial court ruled on Gary's motions. The case proceeded to a bench trial, resulting in the trial court's award of damages to DTAG in the amount of approximately $50,000 in principal, along with post-judgment interest. This appeal ensued.

On appeal, Gary contends that the trial court erred in not granting his motion to dismiss on the grounds that DTAG's suit was barred by res judicata or collateral estoppel. Additionally, he alleges that the trial court erred in denying his motion to compel discovery. The record reveals no ruling by the trial court on any of Gary's

---

[2] More specifically, Gary relies on the following language from the trial court's declaratory judgment order:

Here, the insurance policy in question states that damages arising out of an accident are covered. Foreseeable consequences are those which are probable, according to ordinary and usual experience, those which, because they happen so frequently, may be expected to happen again. One is not bound to anticipate or foresee and provide against that which is unusual or that which is only remotely or slightly probable. Despite [Shield's] efforts to distance the breach of contract claim from the underlying cause, it is a foreseeable and natural consequence of the automobile accident that gave rise to [Gary's] liability. [Gary's] inability to pay by himself, without the aid of insurance, for the damages resulting from that liability is a foreseeable consequence of an auto accident, and therefore, the automobile accident was the proximate cause of his breach of contract with [DTAG].

4

motions. Additionally, since the trial was not transcribed and there was no authorized substitute submitted, there is no way to discern whether Gary objected to proceeding to trial without a ruling or otherwise made an effort to elicit a ruling.[3] Accordingly, Gary's enumerations of error present nothing for us to review. See *Ware v. Fidelity Acceptance Corp.*, 225 Ga. App. 41, 42 (1) (482 SE2d 536) (1997) (appellant waived claim of error where there was no evidence that the trial court ruled on several motions, including a discovery motion, or that appellant objected to proceeding to trial without a ruling on the motions).

Even if the trial court's failure to rule on Gary's motions could be construed as a denial of the same, no error occurred. Gary's res judicata and collateral estoppel arguments are based on his erroneous belief that DTAG is precluded from recovering damages because of a finding made in the declaratory judgment action that he was unable to pay for the damages resulting from the accident. Res judicata and the related doctrine of collateral estoppel, however, require identical parties or those in privity with them. See, e.g., *Butler v. Turner*, 274 Ga. 566, 568 (1) (555 SE2d 427) (2001). "A privy has generally been defined as one who is represented at trial and

---

[3]Although Gary argues that the trial court ruled upon his res judicata argument at the bench trial, the record does not support his claim because there is no trial transcript.

who is in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right." (Citations omitted.) Id.

Here, DTAG was not a party to the declaratory judgment action. Although Gary contends that the "trial court erred by not classifying [him] as one of six classes of privies," he makes no showing that DTAG was in privity with Shield. Since the declaratory judgment involved a coverage dispute under the Shield policy, whereas the instant case concerns a contractual issue under the DTAG rental policy, Shield cannot be said to be in privity with DTAG because their interests were not fully congruent. See id. ("[B]efore privity can be established, the interests of the party must fully 'represent' the interests of the privy and be fully congruent with those interests.") (citations and punctuation omitted). Consequently, res judicata and collateral estoppel do not apply.

Likewise, there is no merit to Gary's claim that the trial court erred in refusing to grant his motion to make DTAG cooperate in discovery. In his motion, Gary argued that DTAG failed to answer all questions propounded to it and attached a copy of the questions relating to DTAG's damages. A review of the attached discovery request reveals that it was comprised mostly of statements challenging the validity of

6

DTAG's damages, rather than propounding questions. Nevertheless, Gary has failed to establish reversible error from the trial court's refusal to grant his motion to compel, because any relevant information as to DTAG's damages was presumably presented at the bench trial, and there is no evidence that any delay prejudiced his defense. See *Infinite Energy, Inc. v. Cottrell*, 295 Ga. App. 306, 309 (2) (671 SE2d 294) (2008) (no reversible error in trial court's refusal to consider motion to compel where discovery information sought was introduced at trial, defendant had ability to review the material, and there was no evidence that the defendant was prejudiced by the delay in obtaining the information). Accordingly, we affirm the trial court's judgment.[4]

*Judgment affirmed. Doyle, P. J., and Dillard, J., concur.*

---

[4] Gary does not challenge the trial court's grant of summary judgment to DTAG on the issue of liability under the rental agreement or the trial court's calculation of damages following the bench trial. Therefore, any challenge to the trial court's findings of liability or determination of damages is abandoned. See *Young v. Turner Heritage Homes, Inc.*, 241 Ga. App. 400, 401 (2) (526 SE2d 82) (1999) (matters not enumerated as error are deemed abandoned).