A93A2597. STATE FARM FIRE & CASUALTY COMPANY
v. MOSS.
(441 SE2d 809)

SMITH, Judge.

Appellee Steve Russell Moss brought suit against his father-in-law, appellee Thomas Bradley, for injuries sustained when Bradley shot Moss in the forearm. Bradley was living with his mother at the time of the incident. Bradley eventually notified appellant, State Farm Fire & Casualty Company ("State Farm"), of the incident and the suit, seeking "coverage and/or defense" under his mother's homeowner's policy. State Farm then brought this declaratory judgment action against Moss and Bradley on the issue of coverage related to the incident. State Farm filed a motion for summary judgment, which

was denied, and its motion for reconsideration was likewise denied. We granted State Farm's application for interlocutory review from the latter ruling, and this appeal followed. The notice of appeal references both the order denying summary judgment and the denial of State Farm's motion for reconsideration, but we need consider only the former judgment in resolving this interlocutory appeal. See generally *Aetna Cas. &c. Co. v. Cantrell*, 197 Ga. App. 672 (1) (399 SE2d 237) (1990).

"The party moving for summary judgment has the burden of establishing the non-existence of any genuine issue of fact, and all doubts must be resolved in favor of the non-moving party. [Cit.]" *Northside Bldg. Supply Co. v. Foures*, 201 Ga. App. 259 (411 SE2d 87) (1991). The policy in question excludes coverage for "bodily injury or property damage . . . which is either expected or intended by an insured" or "to any person or property which is the result of willful and malicious acts of an insured." It is undisputed that if Bradley intended to shoot Moss, then the exclusion in question applies, meaning there is no coverage under the homeowner's policy issued by State Farm.

In support of its motion for summary judgment, State Farm offered a guilty plea entered by Bradley on a charge of aggravated assault relating to the incident. This is in addition to testimony from appellee Moss and his former wife (Bradley's daughter) to the effect that the shooting was intentional — the result of a dare by Moss challenging his father-in-law to "go ahead" and "pull [his] big, bad gun out." The charge to which Bradley pled guilty accused him of accomplishing the assault by actually shooting Moss "with a Smith and Wesson .357 Magnum Caliber pistol."

" '(A) guilty plea is an admission against interest and prima facie evidence of the facts admitted. . . .' [Cits.]" *Hasty v. Spruill*, 207 Ga. App. 485, 486 (428 SE2d 420) (1993). The evidence presented by State Farm establishes a prima facie case for a declaratory judgment in its favor based on the "willful and malicious act" evidenced by the uncontroverted testimony as well as by the guilty plea entered by Bradley. " 'Once the party moving for summary judgment has made a prima facie showing that it is entitled to judgment as a matter of law, the burden shifts to the non-movant, who must then come forward with rebuttal evidence sufficient to show the existence of a genuine issue of material fact. [Cits.]' [Cit.]" *Northside Building Supply Co.,* supra.

Bradley responded to State Farm's motion by filing an affidavit stating "[t]hat on or about June 5, 1988 I was in the presence of Steve Russell Moss and while I was holding my pistol it accidently [sic] discharged striking said Steve Russell Moss," and that he "did not intend for the pistol to discharge" and "did not intend to injure Steve

Russell Moss." Bradley also made similar statements on deposition, testifying to the effect that no assault whatsoever occurred on the date in question and that the shooting was an accident and the product of mere "horseplaying."

"In each case, whether on motion for summary judgment or at trial, it must be decided if the testimony of a party-witness is contradictory. On summary judgment this is a question for the judge to decide. It is contradictory if one part of the testimony asserts or expresses the opposite of another part of the testimony. . . . There are situations in which an honest mistake has been made in the first statement; *the proper approach is to intentionally contradict the first statement by way of explanation.* . . . [E]ven where testimony is contradictory, if a reasonable explanation is offered for the contradiction, the testimony will not be construed against the party-witness. The burden rests upon the party giving the contradictory testimony to offer a reasonable explanation, and whether this has been done is an issue of law for the trial judge. [Cits.] On the other hand, a careless and untruthful witness may have simply forgotten what was said in the first statement, and tailored his second statement to meet the needs of the occasion without regard to the truth. *He may have no intent to contradict the first statement, but surely the law will construe this contradiction against him.*" (Emphasis supplied.) *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (2) (343 SE2d 680) (1986).

Bradley has utterly failed to explain the contradiction between his prior admission against interest in the form of a guilty plea for aggravated assault and his subsequent deposition and affidavit stating that the shooting in question was merely an accident resulting from mere "horseplaying." Indeed, no mention whatsoever is made of the guilty plea in the appellees' brief on appeal, despite the fact that Bradley is represented by the same counsel who represented him in the plea proceeding. Under the circumstances, the contradiction must be resolved against Bradley as a matter of law, and as a result the appellees have failed to overcome State Farm's prima facie case. *Prophecy Corp.*, supra. The trial court therefore erred in denying State Farm's motion for summary judgment.

*Judgment reversed. Beasley, P. J., and Cooper, J., concur.*

DECIDED MARCH 8, 1994.

*Swift, Currie, McGhee & Hiers, Eric D. Miller, Stephen L. Cotter*, for appellant.

*Parker & Terry, J. Steven Parker, Conrad & Abernathy, H.*

*Steve Abernathy*, for appellee.