A98A1771. BROWN et al. v. BREWER et al.
(513 SE2d 10)

POPE, Presiding Judge.

Mary and Douglas Brown, individually and as guardians of their minor children Jason and Nicholas, appeal the trial court's order granting summary judgment to defendants Paul Brewer and Pamela Freeburn. Because no material issue of fact remains for jury resolution, summary judgment was proper. We therefore affirm.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A defendant may do this by showing the court that the docu-

ments, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case." (Emphasis omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Our review is de novo. *Bandy v. Mills*, 216 Ga. App. 407 (454 SE2d 610) (1995).

*Walker v. Virtual Packaging*, 229 Ga. App. 124 (493 SE2d 551) (1997).

The relevant undisputed facts of this case are as follows: On February 18, 1996, a car driven by Paul Brewer crashed into the Browns' home. Brewer claims the car rolled into the house after he got out of the car to check on a dog that darted into the street and hit him. The Browns point to physical evidence that suggests that Brewer was behind the wheel when the car hit the house. Brewer, an alcoholic, was admittedly very intoxicated at the time. Brewer's car struck the front of the Brown residence and plowed into an unoccupied room. Neither the car nor any of the flying debris made physical contact with any member of the Brown family. The Browns were neither directly nor indirectly physically injured as a result of the accident. Nothing in the record suggests that Brewer had any personal animosity toward the Browns or that he intended to drive the car into their home.

The Browns sued Brewer and Freeburn to recover for their "psychic trauma, freight [sic], grave mental suffering, emotional distress and harm to their peace, happiness, and emotional stability." The Browns claimed a right to recover for mental suffering under several theories, including negligent and intentional infliction of emotional distress. The property damage claim to the home was resolved separately and was not an issue in the suit. The Browns alleged that Freeburn, Brewer's daughter and the owner of the car he was driving, was vicariously liable under the family purpose doctrine.

1. In their first and second enumerations of error, the Browns contend the grant of summary judgment to Paul Brewer[1] was error because a jury could characterize Brewer's conduct as wilful and wanton, and not merely negligent.[2] Thus, they argue, his conduct could give rise to a claim for intentional infliction of emotional distress even though the Browns experienced no physical impact or injury.

---

[1] The Browns do not contest the grant of summary judgment to Pamela Freeburn.

[2] The Browns do not challenge the grant of summary judgment as to their claims of negligent infliction of emotional distress, invasion of privacy, or trespass. Although the court did not specifically address these claims in its final order, the Browns acknowledged in their brief that the court's order was final and that summary judgment was granted as to the entire complaint.

In a claim concerning negligent conduct, a recovery for emotional distress is allowed only where there is some impact on the plaintiff, and that impact must be a physical injury. *OB-GYN Assoc. v. Littleton*, 259 Ga. 663 (386 SE2d 146) (1989). On the other hand, where the conduct is malicious, wilful or wanton, recovery can be had without the necessity of an impact. *Westview Cemetery v. Blanchard*, 234 Ga. 540 (216 SE2d 776) (1975).

*Ryckeley v. Callaway*, 261 Ga. 828 (412 SE2d 826) (1992). However, "[e]ven malicious, wilful or wanton conduct will not warrant a recovery for the infliction of emotional distress if the conduct was not directed toward the plaintiff." Id. at 829. Pretermitting whether Brewer's conduct could be characterized as malicious, wilful, or wanton, there was no evidence in this case suggesting that his conduct was *directed* at the Browns. Absent evidence to support such a finding, the trial court was correct in granting summary judgment on the intentional infliction of emotional distress claim. Id. at 829-830.

2. In their third enumeration of error, the Browns argue that summary judgment was inappropriate because Brewer failed to refute their claim for special damages. Of course, in this case, it was not necessary to refute the damages claim to prevail at summary judgment. A moving party may demonstrate an entitlement to summary judgment by showing the court that the evidence in the record reveals

that there is no evidence sufficient to create a jury issue on at least *one* essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to *any* essential element of plaintiff's claim, that claim tumbles like a house of cards. *All of the other disputes of fact are rendered immaterial.*

(Emphasis supplied.) *Lau's Corp. v. Haskins*, supra. For the reasons set forth in Division 1 above, the Browns' claim for intentional infliction of emotional distress fails. Further, the Browns did not challenge the court's grant of summary judgment as to their remaining claims. Thus, any remaining disputed issues of fact with regard to these claims are immaterial.

3. In their final enumeration of error, the Browns claim the trial court erred in denying their motion to compel discovery. Specifically, the Browns contend the trial court (a) should have compelled discovery of the identity of Brewer's Alcoholics Anonymous sponsor, a person with whom Brewer discussed the accident shortly after it occurred, and (2) should have compelled discovery of any written or oral statements Pamela Freeburn gave her insurer. The Browns

argued in their motion to compel that the information they sought would establish that Brewer drove into the Browns' house while drunk, rather than simply allowing the car to get away from him and roll into the Browns' home.

In its March 13, 1997 order, the trial court directed Brewer to provide for an in camera inspection the name of his AA sponsor, along with a statement from him, to be held "in the event of any material contradiction between the content of the statement and the testimony at trial of defendant Paul Brewer." The court also directed Freeburn's insurer to provide the court her statements and ordered that they be held until trial and published in the event Freeburn's testimony differed from that given her insurer. In their appellate brief, the Browns argue that the information they sought was important to establish that Brewer passed out at the wheel "and, indeed, actually drove the vehicle through the property and into the home of the appellants."

"A trial court's decision on a discovery matter will not be disturbed unless a clear abuse of discretion is shown." *Gazelah v. Rome Gen. Practice, P.C.*, 232 Ga. App. 343, 345 (4) (502 SE2d 201) (1998). Also, to prevail on appeal, the Browns must show that the alleged error was harmful. *Gantt v. Bennett*, 231 Ga. App. 238, 242 (3) (499 SE2d 75) (1998).

In this case, the trial court agreed to make the requested discovery available if it contradicted Brewer's account of how the accident occurred. Moreover, even if the requested discovery showed that the accident occurred the way the Browns claimed, it would not have raised a material issue of fact for purposes of summary judgment. See *Ryckeley v. Callaway*, 261 Ga. at 829-830. Because the Browns have not shown how they were harmed by the trial court's decision, we find this enumeration of error to be without merit.

*Judgment affirmed. Beasley, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 11, 1999 —
RECONSIDERATION DENIED MARCH 19, 1999 — ▮▮▮▮▮▮▮▮

*Stephen W. Irving*, for appellants.
*Chambers, Mabry, McClelland & Brooks, Lawrence J. Hogan, Edwin L. Hamilton, Stephanie V. Kandzierski*, for appellees.