## A04A1418. FLYNN v. ALLSTATE INSURANCE COMPANY.
### (601 SE2d 739)

JOHNSON, Presiding Judge.

The facts of this case are not in dispute. Mark Linton, while allegedly driving under the influence of alcohol, drove his truck into Comer Flynn's home, causing damage to Flynn's property. No personal injury or personal physical impact occurred. In fact, Flynn did not even see the incident. Allstate Insurance Company, Linton's insurer, paid Flynn the $25,000 policy limits for property damage. Flynn then made a claim for wounded feelings and punitive damages under the bodily injury liability portion of the insurance policy. Allstate refused to pay the claim. Flynn sued Linton for these damages, and Allstate filed a declaratory judgment action against Flynn and Linton, seeking a judgment declaring that Allstate does not owe any additional coverage under the policy. Subsequently, Allstate moved for summary judgment, which the trial court granted. Flynn appeals. In his sole enumeration of error, Flynn alleges that the trial court erred in "finding that punitive damages resulting from property damage are derivative for purpose of insurance coverage, thus limiting coverage to that designated for property damage in the auto policy." We find no error and affirm the judgment.

The record shows that Flynn split his causes of action for property damage and bodily injury, which the law allows.[1] The question presented is whether Flynn is entitled to punitive damages or to any damages under the bodily injury portion of the insurance policy at issue. Flynn correctly argues that punitive damages are available from an insurance company unless the insurance company has specifically exempted such damages in its policy.[2] Since Allstate did not specifically exclude punitive damages in its policy, it has exposed itself to a punitive damage claim. However, contrary to Flynn's arguments, punitive damages are not "a separate damage from property damage." Punitive damages are considered "additional" damages and must attach to either a property damage claim or a personal injury claim.[3] As the Supreme Court has noted, "A claim for punitive damages has efficacy only if there is a valid claim for actual damages to which it could attach. Punitive damages may not

---

[1] OCGA § 51-1-32.

[2] See *Lunceford v. Peachtree Cas. Ins. Co.*, 230 Ga. App. 4, 5-8 (1) (495 SE2d 88) (1997).

[3] See OCGA § 51-12-5.1 (a); *Nelson v. Glynn-Brunswick Hosp. Auth.*, 257 Ga. App. 571, 580 (5) (571 SE2d 557) (2002); *Grain Dealers Mut. Ins. Co. v. Pat's Rentals*, 269 Ga. 691 (505 SE2d 729) (1998).

be recovered where there is no entitlement to compensatory damages."[4] Therefore, we must determine whether Flynn is entitled to punitive damages under either the property damage claim or the bodily injury claim.

It is undisputed that Flynn is "seeking payment of insurance benefits for punitive damages arising from property damage." However, the policy limits have already been awarded under the property damage provision of the insurance policy. Thus, while Flynn may have been entitled to punitive damages under the property damage provision of the insurance policy, he cannot collect these damages because he settled his property damage claim, presumably signing a release for the claims, and the policy limits to which they attach have already been exhausted.

Realizing that the property damage policy limits had already been exhausted, Flynn filed a claim for wounded feelings and punitive damages under the bodily injury provision of the insurance policy. However, it is undisputed that neither Flynn nor any member of his family was physically harmed by the incident. And Flynn did not even witness the incident. Thus, Flynn cannot recover for any bodily injury. As for his claim of wounded feelings, a recovery for emotional distress is allowed only where there is some impact on the plaintiff, and that impact must be a physical injury.[5] No such impact occurred here. And, although recovery can be had without the necessity of an impact if the conduct is malicious, wilful or wanton, it must be shown that the malicious, wilful or wanton conduct was directed toward the plaintiff.[6]

Here, pretermitting whether Linton's conduct could be characterized as malicious, wilful or wanton, there was no evidence in this case suggesting that his conduct was directed at the Flynns.[7] Thus, Flynn cannot recover under the bodily injury provision for any wounded feelings. Since Flynn cannot recover under the bodily injury provision of the insurance policy, his punitive damage claim does not and cannot attach to any bodily injury claim. As we have already pointed out, punitive damages cannot be awarded when there is no entitlement to compensatory damages.[8] The trial court correctly granted summary judgment to Allstate.

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

---

[4] (Citations and punctuation omitted.) *Southern Gen. Ins. Co. v. Holt*, 262 Ga. 267, 270 (2) (416 SE2d 274) (1992).

[5] See *Brown v. Brewer*, 237 Ga. App. 145, 147 (1) (513 SE2d 10) (1999).

[6] Id.

[7] Id.

[8] See *Southern Gen. Ins. Co.*, supra; *Sharp v. Greer, Klosik & Daugherty*, 256 Ga. App. 370, 373 (6) (568 SE2d 503) (2002).

Decided June 30, 2004.

*Ashby & Metts, James B. Ashby*, for appellant.
*Thompson & Smith, Larry I. Smith*, for appellee.