A04A1888. HARDEN v. STATE FARM FIRE & CASUALTY COMPANY.
A04A1889. BARRETT v. STATE FARM FIRE & CASUALTY COMPANY.

(605 SE2d 37)

ANDREWS, Presiding Judge.

Beverly Harden and her husband, Ronald Harden, were named as defendants in a suit brought by Sharon Barrett as the parent and guardian of her minor child. Barrett alleged that Ronald Harden sexually abused the child while the child was visiting with the Hardens' minor child at the Hardens' residence. The suit claimed that Beverly Harden was also liable because she knew or should have known that her husband would sexually abuse the child, and that she negligently failed to properly supervise the child and left the child alone with her husband.

The Hardens tendered the defense of the suit to their homeowner's insurance carrier, State Farm Fire & Casualty Company. While taking the position that it had no duty to provide coverage or a defense to Ronald Harden on the sexual abuse claim, State Farm filed a declaratory judgment action naming the Hardens and Barrett as defendants and seeking a declaration that it also had no duty to defend or provide coverage to Beverly Harden on the claims asserted against her in the suit. The trial court granted summary judgment in favor of State Farm, and Beverly Harden appeals in Case No. A04A1888. In Case No. A04A1889, Barrett appeals separately from the award of summary judgment in favor of State Farm. For the following reasons, we find the trial court correctly declared that State Farm had no duty to provide coverage or a defense to Beverly Harden.

*Case No. A04A1888*

1. The trial court correctly rejected Beverly Harden's claims that State Farm owed a duty under the homeowner's insurance policy to provide her with coverage and a defense.

The State Farm homeowner's policy contains the following provisions related to personal liability coverage:

> If a claim is made or a suit is brought against an insured for damages because of bodily injury . . . to which this coverage applies, caused by an occurrence, we will . . . pay up to our limit of liability for the damages for which the insured is legally liable [and] . . . provide a defense at our expense by counsel of our choice. . . .

The term "occurrence" as used in the foregoing liability provision is defined by the policy as follows:

> [O]ccurrence, when used in [the liability coverage section] of this policy, means an accident, including exposure to conditions, which results in . . . bodily injury. . . .

Finally, the policy contains an exclusion from coverage which provides that liability coverage under the policy does not apply

> to bodily injury . . . which is either expected or intended by an insured [or to bodily injury] to any person . . . which is the result of wilful and malicious acts of an insured.

Taken together, these provisions create a duty for State Farm to provide coverage and a defense for accidental occurrences resulting in bodily injury which were not expected or intended by an insured nor the result of wilful and malicious acts by an insured. Barrett's suit against the Hardens sought recovery for physical and mental damages suffered by the minor child caused by sexual abuse of the child. The suit contains allegations that Ronald Harden engaged in intentional (not accidental) sexual abuse of the child, causing physical and mental damage to the child which he could only have expected and intended. It follows that, based on these allegations, State Farm had no duty under the terms of the policy to provide liability coverage or a defense to Ronald Harden. *Hain v. Allstate Ins. Co.*, 221 Ga. App. 486-487 (471 SE2d 521) (1996); *Roe v. State Farm Fire &c. Co.*, 259 Ga. 42 (376 SE2d 876) (1989); *Great American Ins. Co. v. McKemie*, 244 Ga. 84 (259 SE2d 39) (1979).

In addition to the allegations in the suit, it is undisputed that the alleged facts provided the basis for a guilty plea entered by Ronald Harden to the criminal charge of child molestation. Even though the plea was entered pursuant to *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970), under a claim of innocence, "[an *Alford*] plea is one of guilt and may be accepted only if the court determines there is a factual basis for a determination of guilt." (Citation and punctuation omitted.) *Argot v. State*, 261 Ga. App. 569, 571 (583 SE2d 246) (2003). Harden's guilty plea under *Alford* placed him in the same position as if he had been convicted of child molestation, and "the collateral consequences flowing from an *Alford* plea are the same as those flowing from an ordinary plea of guilt." (Citation omitted.) Id. at 572. Accordingly, evidence that Ronald Harden entered an *Alford* plea of guilt to child molestation was sufficient to establish a prima facie case that State Farm had no duty under the terms of the policy to provide coverage or a defense to Mr. Harden. *State Farm Fire &c. Co. v. Moss*, 212 Ga. App. 326, 327 (441 SE2d 809) (1994). Because the Hardens failed to rebut this prima facie case and explain Mr. Harden's prior admission against interest contained in the guilty plea, there was a sufficient basis for the trial court to find, as a matter of law, that State Farm had no duty to provide Ronald Harden with coverage or a defense. Id. at 327-328. Moreover, the Hardens' only attempted rebuttal was their claim that the sexual abuse allegations in the suit are false and that the true facts show no abuse or other misconduct occurred. Although this is a claim by the Hardens that the suit against them does not allege the true facts and that they are not liable under the true facts, it is not a claim that the true facts show coverage under the terms of the policy. Even if the Hardens successfully defend the suit by showing that no abuse occurred, this would not show that there was coverage under the policy for a claimed accidental occurrence resulting in bodily injury not expected or intended or which was the result of wilful and malicious acts. See *Penn-America Ins. Co. v. Disabled American Veterans*, 268 Ga. 564-565 (490 SE2d 374) (1997).

Beverly Harden contends that, even if the State Farm policy provides no coverage or defense to Ronald Harden on the allegations of sexual abuse, she is entitled to coverage and a defense because the allegations against her sound in negligence. We find, however, that the terms of the policy also unambiguously exclude coverage and a defense for claims that Beverly Harden negligently failed to prevent the abuse, allowed it to occur, or created circumstances that allowed it to occur. The policy excludes liability coverage for bodily injury "the result of willful and malicious acts of an insured." This provision and others in the policy leave no doubt that State Farm had no duty to provide coverage or a defense to Ronald Harden on the claim for

bodily injury caused by his alleged sexual abuse. Moreover, the claim against Beverly Harden was necessarily "the result of" Ronald Harden's alleged acts of sexual abuse, because there would be no claim against Beverly Harden but for Ronald Harden's alleged acts. The exclusion from coverage for injury "the result of" wilful and malicious acts makes clear that the policy excludes not only the claim based on Ronald Harden's alleged acts of sexual abuse, but also any claim which has its genesis in or was "the result of" those acts. Accordingly, even if Beverly Harden negligently caused or allowed the sexual abuse to occur, the policy excludes coverage and a defense for this negligence claim because it was "the result of" the alleged sexual abuse. *Continental Cas. Co. v. HSI Financial Svcs.*, 266 Ga. 260 (466 SE2d 4) (1996); *Dynamic Cleaning Svc. v. First Financial Ins. Co.*, 208 Ga. App. 37 (430 SE2d 33) (1993).

### *Case No. A04A1889*

2. Barrett also contends that, even if the State Farm policy provides no coverage or defense on her claim against Ronald Harden for sexual abuse, the policy does cover her negligence claim against Beverly Harden.

For the reasons set forth in Division 1, supra, we find the State Farm policy unambiguously excludes coverage and a defense for the negligence claim against Beverly Harden. Accordingly, we find no merit in Barrett's contentions and affirm the grant of summary judgment in favor of State Farm.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED SEPTEMBER 3, 2004 —
RECONSIDERATION DENIED SEPTEMBER 27, 2004 — ▮▮▮▮▮▮▮▮

*Lane & Lane, Charles W. Lane*, for appellant (case no. A04A1888).
*Falanga & Chalker, Robert A. Falanga, Jesse E. Barrow III*, for appellant (case no. A04A1889).
*Mabry & McClelland, Robert M. Darroch, Samantha R. Johnson*, for appellee.