A04A1026. D & S ELECTRIC, INC. v. BATSON et al.
(606 SE2d 37)

RUFFIN, Presiding Judge.

Judith Batson sued D & S Electric, Inc., alleging that she was injured when she was shocked as a result of faulty wiring that it

installed.[1] D & S Electric moved for summary judgment, arguing that Batson's assumption of the risk barred recovery. The trial court denied the motion, but issued a certificate of immediate review. We granted D & S Electric's application for interlocutory appeal. For reasons that follow, we affirm.

"Summary judgment is appropriate when the evidence, construed most favorably to the nonmoving party, demonstrates that no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law."[2]

Viewed in this light, the record shows that in June 1995, Batson obtained a job at a newly constructed Hardees restaurant. Two of Batson's sons, Andrew and Brian, also worked at the restaurant. Batson was promoted to manager, a position she held on February 4, 1996.

On that day, an employee approached Batson and told her that the "make-up table," where sandwiches are prepared, had shocked her. The table, which plugs into the wall, is heated on one side. Apparently, the outlet the make-up table was plugged into was not grounded, and the table also had a loose electrical wire. According to the employee, whose name Batson could not recall, the sensation was like the shock from a battery "you stick . . . on your tongue." Batson testified that her sons had placed batteries on their tongues in the past and that "it's not a big deal." Andrew Batson also testified that the make-up table would occasionally give him "a little electrical shock." Upon receiving the report, Batson walked to the table and placed both of her hands on the surface. Batson testified that "it felt like someone punched [her] in the chest." She subsequently lost consciousness and was taken to the emergency room.

Batson sued D & S Electric, the company that allegedly installed the electrical wiring at the restaurant.[3] D & S Electric moved for summary judgment, arguing that Batson, by voluntarily placing her hands on the table when she knew that it was shocking people, assumed the risk of her injury as a matter of law. We disagree.

"The defense of assumption of the risk of danger applies when the plaintiff, with a full appreciation of the danger involved and without restriction of [her] freedom of choice either by the circumstances or by

---

[1] Batson also sued Horizon Construction Company, the general contractor, but a consent order was entered granting this defendant's motion for summary judgment. Also, Batson's husband filed a claim for loss of consortium. For ease of reading, we refer solely to Batson.

[2] *Caswyck JSB, LLC v. Crowe*, 265 Ga. App. 316 (593 SE2d 758) (2004).

[3] Although the name "Douglas Smith" appears on some of the pleadings, his name is not on the complaint, and it does not appear that he was added as a party.

coercion, deliberately chooses an obviously perilous course of conduct."[4] To prevail on this affirmative defense, D & S Electric must establish that Batson: "(1) had knowledge of the danger; (2) understood and appreciated the risks associated with such danger; and (3) voluntarily exposed [herself] to those risks."[5] Moreover, the knowledge requirement refers to the specific, particular risk of harm, and not simply general, nonspecific risks.[6] " 'Generally, whether a plaintiff assumed the risk of injury is an issue for the jury.' "[7]

Here, D & S Electric is unable to establish that Batson assumed the risk of her injury as a matter of law. Specifically, the evidence does not conclusively show that Batson fully appreciated the risk she faced by touching the make-up table. Indeed, the others who received shocks from the table were apparently not injured, and one employee likened the jolt to a shock from a battery. Under these circumstances, a jury must determine whether Batson assumed the risk of her injury.[8]

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

Decided October 6, 2004 —
Reconsideration denied October 28, 2004.

*William R. Youngblood*, for appellant.
*Michael D. Goodman*, for appellees.

---

[4] (Punctuation omitted.) *Rubin v. Cello Corp.*, 235 Ga. App. 250, 252 (1) (b) (510 SE2d 541) (1998).

[5] (Punctuation omitted.) Id.

[6] See id.

[7] *Bass Custom Landscapes v. Cunard*, 258 Ga. App. 617, 619 (1) (575 SE2d 17) (2002).

[8] See id.; *Bodymasters Sports Indus. v. Wimberley*, 232 Ga. App. 170, 173-174 (1) (c) (501 SE2d 556) (1998).