A08A1179. INFINITE ENERGY, INC. v. COTTRELL.

(671 SE2d 294)

JOHNSON, Presiding Judge.

Acting pro se, Ron Cottrell sued Infinite Energy, Inc. in magistrate court, alleging that the company erroneously reported him to various credit bureaus for not paying his natural gas bill. Although the magistrate court awarded Cottrell $140 plus court costs, Cottrell appealed the judgment directly to state court. Following a bench trial, the trial court awarded Cottrell both actual and punitive damages. We granted Infinite Energy's application for discretionary review, and for reasons that follow, we affirm the trial court's actual damages award, but vacate the punitive damages award and remand

---

for further proceedings.[1]

On appeal from a bench trial, we construe the evidence favorably to the trial court's judgment and affirm if any evidence supports it.[2] So viewed, the evidence shows that in July 2005, Cottrell received a collection agency notice that his $140.30 gas bill from Infinite Energy was past due and, if he failed to pay within 15 days, he would be reported to the credit bureaus. Unaware that he had an outstanding bill, Cottrell immediately called the collection agency, which referred him to Infinite Energy. An Infinite Energy representative confirmed that Cottrell's account was past due, and Cottrell paid the balance over the telephone by credit card.

A few days later, Cottrell received another past-due notice from the collection agency, and he provided the agency with evidence that he had paid Infinite Energy. Cottrell then contacted Infinite Energy and explained the situation to another representative, who stated that she would address the issue with the collection agency. This representative subsequently told Cottrell that "she had taken care of it" and that the collection agency would not report him to the credit bureaus.

In December 2005, however, Cottrell discovered that the collection agency had reported the account to various credit bureaus as "never been paid." Cottrell provided proof to the credit bureaus that he had satisfied his balance, but a notation remained on his credit report that the payment was late. In an effort to have this notation removed, Cottrell again contacted Infinite Energy, which informed him that nothing could be done about the late payment report.

A late or nonpayment reference remained on Cottrell's credit history for over a year. Although these references were eventually removed, the extended period of negative remarks caused his credit rating to decline and placed him in a stressful situation, as he attempted to rehabilitate the "good credit" he had worked hard to build. He also incurred out-of-pocket expenses, such as payments for a credit report and telephone calls, while trying to resolve the situation.

Following the bench trial, the trial court awarded Cottrell $91 in actual damages and $10,000 in punitive damages. Infinite Energy appeals that judgment, raising numerous claims of error.

1. Infinite Energy first argues that the trial court erred in failing to dismiss Cottrell's appeal because the underlying magistrate court

---

[1] In his pro se brief to this Court, Cottrell vaguely requests more time to file an additional responsive pleading, stating: "I need an attorney." We have received no indication that Cottrell has retained an attorney, and he has filed no additional material with the Court. To the extent Cottrell seeks more time to file such material, his request is denied.

[2] *City of Atlanta v. Hofrichter/Stiakakis*, 291 Ga. App. 883, 884 (1) (663 SE2d 379) (2008).

judgment resulted from an entry of default. Although parties to a magistrate court action generally may appeal an adverse judgment directly to state or superior court, no direct appeal lies from a default judgment.[3] Instead, a party seeking review of a magistrate court's default judgment must apply for certiorari.[4] Infinite Energy argues that Cottrell was required — but failed — to petition the state court for certiorari in this case. We disagree.

The record shows that Infinite Energy answered Cottrell's statement of claim in magistrate court several weeks late. As a result, the magistrate court clerk placed the case on the "default judgment" trial calendar. Ultimately, however, the magistrate court held a hearing at which both parties appeared. The form on which the magistrate court entered its final ruling notes that Infinite Energy filed defensive pleadings, and the magistrate judge indicated through a box on the form that he was entering a "judgment," rather than a "default judgment."

The magistrate court record does not demonstrate that a default judgment was ever entered against Infinite Energy. And we have no transcript of the magistrate court proceeding that might shed further light on the issue. Under these circumstances, the trial court was authorized to find that the magistrate's ruling did not result from default, rendering Cottrell's direct appeal proper.[5]

2. Infinite Energy also argues that the trial court erred in refusing to consider its motion to compel discovery. The record shows that after Cottrell appealed to state court, Infinite Energy served him with interrogatories and document requests. Cottrell did not respond to the discovery, and Infinite Energy filed a motion to compel the week before the scheduled bench trial. That same day, Infinite Energy moved to continue the trial pending a ruling on the motion to compel. The trial court did not resolve those motions before the trial date, and when Infinite Energy attempted to argue its motion to compel at the bench trial, the trial court stated that the motion had been filed too close to trial.

Pretermitting whether the trial court erred in refusing to consider the motion to compel, reversal is not required because Infinite Energy has not shown harm.[6] Through its discovery, Infinite Energy sought information about Cottrell's credit report, credit applications, credit score, recent credit problems, and correspon-

---

[3] OCGA § 15-10-41 (b) (1)-(2).

[4] OCGA § 15-10-41 (b) (2).

[5] See OCGA § 15-10-41 (b) (1); see also *Alejandro v. Alejandro*, 282 Ga. 453 (1) (651 SE2d 62) (2007) (trial court's factual findings will be upheld if supported by any evidence).

[6] *Brown v. Brewer*, 237 Ga. App. 145, 148 (3) (513 SE2d 10) (1999) (alleged error in denying motion to compel will not support reversal absent a showing of harm).

dence relating to his claim. Cottrell, however, produced such information at trial, and Infinite Energy cross-examined him regarding his documentary and testimonial evidence. Infinite Energy did not request more time during trial to review this material, did not establish that Cottrell had any other relevant evidence, and has not shown that the delay in obtaining information impaired its defense. Accordingly, this claim of error lacks merit.[7]

3. In a related claim, Infinite Energy contends that the trial court erred in denying its oral motion in limine, made at the beginning of trial, to exclude the evidence Cottrell failed to produce during discovery. Again, we disagree.

"When a party proffers at trial evidence which should have been disclosed during discovery, exclusion of the proffered evidence is not an authorized sanction. The proper sanction is to order a postponement or a mistrial."[8] Under clear Georgia precedent, Cottrell's alleged discovery violations did not authorize an evidentiary exclusion. And the record shows that Infinite Energy did not request a mistrial or ask for a postponement at trial based on the claimed violations. Although it sought a continuance the week before trial, it has not enumerated the implicit denial of that request as error. Accordingly, the trial court properly denied the motion in limine.

4. Infinite Energy challenges the trial court's actual damages award, arguing that Cottrell failed to prove that the erroneous nonpayment report harmed him. Cottrell testified, however, that his credit rating declined following the error, which remained in some form on his credit history for more than 12 months. He also itemized various out-of-pocket expenses incurred as he tried for over one year to expunge the negative credit references from his record, including $23 spent on a credit report and "an average of $10 or $15 a month" in telephone bills. At least some evidence, therefore, supports the trial court's award of $91 in actual damages.[9]

---

[7] Id. Compare *Parks v. Hyundai Motor America*, 258 Ga. App. 876, 879-880 (1) (575 SE2d 673) (2002) (trial court erred in granting summary judgment to defendant before ruling on plaintiffs' motion to compel where plaintiffs demonstrated that documents sought would be helpful in establishing their claim); *Intl. Harvester Co. v. Cunningham*, 245 Ga. App. 736, 738-739 (1) (538 SE2d 82) (2000) (reversing plaintiff's verdict in products liability action where evidence showed that trial court's failure to compel production of pivotal piece of evidence hindered defendant's ability to cross-examine plaintiff's expert and refute his testimony).

[8] (Citation omitted.) *White v. Lance H. Herndon, Inc.*, 203 Ga. App. 580, 581 (5) (417 SE2d 383) (1992); see also *Hart v. Northside Hosp.*, 291 Ga. App. 208, 209 (1) (661 SE2d 576) (2008) (a party's failure to faithfully engage in discovery "may not be remedied by the exclusion of probative trial evidence").

[9] *A & S Group, Inc. v. Murray*, 291 Ga. App. 331, 334-335 (2) (661 SE2d 701) (2008) (trial court's damages award will be affirmed " 'if there is any evidence showing with [a] reasonable certainty the amount of damages' ").

5. Infinite Energy further argues that the trial court's punitive damages award was improper. Because it appears the trial court applied the wrong standard in awarding these damages, we agree.

Under OCGA § 51-12-5.1 (b), punitive damages may be awarded when "it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." Before awarding punitive damages, the trier of fact first must make a specific finding as to whether the evidence supports such an award.[10] It then must consider "what amount of damages will be sufficient to deter, penalize, or punish the defendant in light of the circumstances of the case."[11] Punitive damages may not be awarded to compensate a claimant.[12]

The trial court's written judgment contains no specific finding that Infinite Energy acted wilfully, maliciously, or with conscious indifference toward Cottrell. It states merely that the court awarded actual and punitive damages based upon the "evidence presented by both sides, the applicable and controlling law and all matters of record." Nothing in the judgments indicates that the trial court complied with the statutory procedures for awarding punitive damages. And although we generally presume that trial courts follow the law, that presumption can be rebutted.[13]

In this case, the trial court's statements at the bench trial rebut any presumption of regularity. After Infinite Energy argued that Cottrell had not proven conduct sufficient to support a punitive award, the trial judge stated: "Well I don't know that punitive damages are capable of being proven. I think it's you know, whatever the trier of fact thinks is sufficient to deter an actor from committing the same type of act or deed again in the future." The trial judge later commented that he was not certain "what amount of punitive damages would make [Cottrell] whole."

The trial court may have silently applied the correct punitive damages standard, but its written judgment supports no such conclusion, and its oral statements indicate that it failed to do so. Specifically, the transcript reflects confusion by the trial court about the evidence or proof needed to authorize such damages. The court

---

[10] OCGA § 51-12-5.1 (d) (1).
[11] OCGA § 51-12-5.1 (d) (2).
[12] OCGA § 51-12-5.1 (c).
[13] See *Davis v. Bushnell*, 245 Ga. App. 221, 223 (537 SE2d 477) (2000) ("[I]n the absence of a contrary showing, the trial court will be presumed to have followed the law.") (footnote omitted).

also implied that punitive damages could be awarded to compensate Cottrell or "make him whole" — an improper use.[14]

We recognize that a trial court's written judgment ultimately controls over any prior oral statements.[15] But a "court's oral pronouncements on the record may provide insight on the intent" of that judgment.[16] And in this case, the written judgment failed to include a specific finding as to punitive damages, despite the requirements of OCGA § 51-12-5.1 (d). Given the state of the record, including the bare-bones written judgment and the statements at the bench trial, we must conclude that the trial court failed to use the appropriate standard in awarding punitive damages.[17] Accordingly, we vacate that award and remand so that the trial court can consider whether punitive damages are appropriate under OCGA § 51-12-5.1 and, if so, in what amount. .

*Judgment and award of actual damages affirmed; award of punitive damages vacated, and case remanded for further proceedings consistent with this opinion. Barnes, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 10, 2008 —
RECONSIDERATION DENIED DECEMBER 16, 2008.

*Morris, Manning & Martin, Adamson B. Starr,* for appellant.
Ron Cottrell, *pro se.*

---

[14] See OCGA § 51-12-5.1 (c); *Drug Emporium v. Peaks*, 227 Ga. App. 121, 124-125 (2) (a) (488 SE2d 500) (1997) (punitive damages improper where trial court failed to charge jurors on the correct basis for granting the damages and instructed that punitive damages could be awarded as compensation for the claimant).

[15] *Blair v. Bishop*, 290 Ga. App. 721, 725 (2) (660 SE2d 35) (2008).

[16] (Citation omitted.) Id.

[17] See *Conseco Finance Servicing Corp. v. Hill*, 252 Ga. App. 774, 778-779 (2) (b) (iii) (556 SE2d 468) (2001) (reversing trial court's punitive damage award where written judgment failed to include a specific finding that punitive damages were appropriate under OCGA § 51-12-5.1); compare *Wal-Mart Stores v. Forkner*, 221 Ga. App. 209, 210 (1) (471 SE2d 30) (1996) (trial court did not err in awarding punitive damages following bench trial; court's written judgment, as well as its written findings of facts and conclusions of law, demonstrated that court found defendant acted wilfully and maliciously, justifying the award).