A08A1063. NATIONWIDE MUTUAL FIRE INSURANCE
COMPANY v. KIM et al.
A08A1064. KIM v. NATIONWIDE MUTUAL FIRE INSURANCE
COMPANY.
A08A1065. YANG v. NATIONWIDE MUTUAL FIRE INSURANCE
COMPANY.
(669 SE2d 517)

MIKELL, Judge.

Nationwide Mutual Fire Insurance Company ("Nationwide") filed a declaratory judgment action to determine its responsibilities

in connection with a personal injury action filed by Chong Yang against Nationwide's insured, Yong Kim, arising out of an alleged battery. The trial court granted in part and denied in part Nationwide's motion for summary judgment, ruling that Yang's claim for punitive damages is not covered by the policy, but that her claims for negligence and gross negligence are covered. In Case No. A08A1063, Nationwide appeals the latter portion of the trial court's order, while in Case Nos. A08A1064 and A08A1065, Kim and Yang cross-appeal from the former. For the reasons that follow, we affirm in Case No. A08A1063 and reverse in Case Nos. A08A1064 and A08A1065.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

So viewed, the record reflects that on or about October 2, 2005, Kim allegedly threw a metal ice cream scoop at Yang, striking her in the face. Kim was charged with two counts of simple battery, and one count each of battery and disorderly conduct. In her affidavit, Kim described the incident as follows:

> [o]n October 5, 2005[,] at a karaoke bar in DeKalb County, [Yang] was hit in the head with an ice cream scoop which I had previously held in my hand. While dancing and waving the ice cream scoop, I accidentally lost my grip on the scoop which then flew across the room striking [Yang]. I did not intend to harm [Yang] nor did I intend to throw the ice cream scoop at or near [Yang]. The entire incident, including injury to [Yang], was an unintended accident on my part.

Kim further averred that the state court charges against her were no longer pending and that she had not been indicted by the Superior Court of DeKalb County.

On July 31, 2006, Yang filed a "Complaint for Damages Arising From Assault and Battery" against Kim in the State Court of DeKalb County, alleging that on or about October 2, 2005, Kim "unlawfully, intentionally, and without provocation or justification

---

[1] (Citation omitted.) *Fireman's Fund Ins. Co. v. Univ. of Ga. Athletic Assn.*, 288 Ga. App. 355, 356 (654 SE2d 207) (2007).

committed an assault and battery upon [Yang] by throwing a metal ice scooper and striking [Yang] in the face." Yang sought both compensatory and punitive damages. On November 20, 2006, Yang amended her complaint by asserting that Kim "was negligent in her actions resulting in the alleged injuries to plaintiff." On July 3, 2007, Yang filed a verified "Amended Complaint for Damages," which amended her original complaint in its entirety. The amended complaint deleted all factual allegations asserted in the original complaint and the intentional tort claim, alleging instead that Kim "negligently threw and without reasonable care threw a metal ice scooper in [Yang's] direction . . . , striking [her] in the face." Yang further alleged that Kim "recklessly and with willful disregard for [Yang's] safety[,] threw a metal ice scooper in [Yang's] direction . . . striking [her] in the face. [Kim's] reckless disregard for [Yang's] safety . . . constituted gross negligence." Yang maintained her claim for both compensatory and punitive damages. Kim demanded indemnification and a defense under her homeowner's insurance policy issued by Nationwide. Nationwide undertook the defense of the action pursuant to a reservation of rights and then filed this declaratory judgment action to determine whether it was obligated to defend and indemnify Kim in the underlying action. The policy provides as follows:

> We will pay damages an insured is legally obligated to pay due to an occurrence resulting from negligent personal acts or negligence arising out of the ownership, maintenance or use of real or personal property. We will provide a defense at our expense by counsel of our choice. We may investigate and settle any claim or suit. Our duty to defend a claim or suit ends when the amount we pay for damages equals our limit of liability.

The policy defines "occurrence" as "bodily injury or property damage resulting from an accident, including continuous or repeated exposure to the same general condition." The policy excludes coverage for bodily injury

> (a) caused intentionally by or at the direction of an insured, including willful acts the result of which the insured knows or ought to know will follow, from the insured's conduct . . . [or] (b) caused by or resulting from an act or omission of any insured which are crimes pursuant to the Georgia Criminal Code. This exclusion . . . applies even if: . . . (2) the bodily injury or property damage is of a different kind or degree than the insured knows or ought to know will follow from the insured's conduct.

The exclusion applies regardless of whether the insured is actually charged with, or convicted of, a crime.

In its order on Nationwide's motion for summary judgment, the trial court concluded that since Kim amended her complaint to allege negligence and gross negligence only, her claims were covered by the policy. As to Kim's claim for punitive damages, the trial court concluded that it was not covered since by seeking such damages, Kim " 'explicitly alleged that the act was intentional or at least evinced an expectation of harm.' "

### Case No. A08A1063

1. Nationwide contends that the trial court erred in denying summary judgment because Kim's actions were intentional and/or criminal.

> An insurer's duty to defend is determined by comparing the allegations of the complaint with the provisions of the policy. Where a policy imposes a duty to defend even if the allegations are groundless, false or fraudulent, courts look to the allegations of the complaint to determine whether a liability covered by the policy *is asserted*. Thus, an insurer is obligated to defend even where the allegations of the complaint against the insured are ambiguous or incomplete with respect to the issue of insurance coverage. To excuse the duty to defend, the petition must unambiguously exclude coverage under the policy, and thus, the duty to defend exists if the claim potentially comes within the policy. Where the claim is one of potential coverage, doubt as to liability and insurer's duty to defend should be resolved in favor of the insured.[2]

As the trial court correctly concluded, even though Yang originally alleged an intentional assault and battery, she removed *all* factual allegations of intentional conduct and amended her complaint in its entirety to allege negligence and gross negligence.[3] Because the alleged harm arose out of "negligent personal acts or negligence arising out of the ownership, maintenance or use of real or personal

---

[2] (Citations and punctuation omitted; emphasis in original.) Id.

[3] We are not unmindful of the potential for abuse in suits involving insurance coverage, whereby a claimant could conceivably bring every loss within coverage by merely amending their complaint to assert negligent conduct instead of intentional conduct; however, in Georgia, a party's right to amend a complaint is very liberal. "A party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order." OCGA § 9-11-15 (a).

property," Nationwide is obligated to defend Kim.[4]

Nonetheless, Nationwide argues that the policy's criminal acts exclusionary clause applies despite the amendment. "Under Georgia law, an insurer seeking to invoke a policy exclusion carries the burden of proving its applicability in a given case."[5] "[A]ny exclusion from coverage sought to be invoked by the insurer is to be strictly construed."[6] The policy excludes coverage for bodily injury caused by or resulting from an act which is a crime. Nationwide contends that Yang and Kim both admitted in their answers to the complaint and requests for admission that Kim was charged with simple battery, battery, and disorderly conduct, and that these acts are crimes pursuant to the Georgia Criminal Code. Contrary to Nationwide's contention, however, the fact that Kim was charged as a result of the incident with Yang is inadmissible in the present case. Evidence that charges were or were not made against either of the parties involved in an incident and the results of any court action are inadmissible in a civil action arising out of the incident.[7] When this evidence is removed from consideration, the remaining evidence in the record — Yang's affidavit — is insufficient to prove that the criminal acts exclusion applies. Because a factual issue exists as to whether Yang's actions were criminal and/or intentional, the trial court correctly concluded that Nationwide had a duty to provide a defense to the claims asserted by Yang.[8]

---

[4] Compare *Hain v. Allstate Ins. Co.*, 221 Ga. App. 486 (471 SE2d 521) (1996) (insurer had no duty to provide coverage to insured where complaint alleged assault and battery and intentional infliction of emotional distress stemming from alleged sexual harassment); *Harden v. State Farm Fire &c. Co.*, 269 Ga. App. 732, 733 (1) (605 SE2d 37) (2004) (insurer had no duty to provide coverage or a defense to insured where complaint alleged that insured's husband engaged in intentional sexual abuse).

[5] (Citation omitted.) *First Specialty Ins. Corp. v. Flowers*, 284 Ga. App. 543, 544 (644 SE2d 453) (2007).

[6] (Footnote omitted.) *Cunningham v. Middle Ga. Mut. Ins. Co.*, 268 Ga. App. 181, 185 (3) (601 SE2d 382) (2004). See also *Anderson v. Southern Guaranty Ins. Co. of Ga.*, 235 Ga. App. 306, 309 (508 SE2d 726) (1998).

[7] See *Shirey v. Woods*, 118 Ga. App. 851, 853 (1) (165 SE2d 891) (1968). Accord *Pierce v. Pierce*, 241 Ga. 96, 100 (3) (243 SE2d 46) (1978) (evidence of dismissal of criminal warrant inadmissible in divorce action). See also *Padgett v. Williams*, 82 Ga. App. 509, 513 (3) (61 SE2d 676) (1950) (judgment of conviction or acquittal rendered in a criminal prosecution is inadmissible in a purely civil action to establish the truth of the facts on which it was rendered); *Continental Cas. Co. v. Parker*, 161 Ga. App. 614, 617 (1) (288 SE2d 776) (1982) (same). Compare *Harden*, supra at 734 (1) (evidence that insured entered an *Alford* plea of guilt was sufficient to establish a prima facie case that insurer had no duty under the policy to provide coverage or a defense).

[8] See, e.g., *Anderson*, supra at 312 (trial court erred in granting summary judgment in favor of insurer where a factual issue existed as to whether bodily injury to victim was expected or intended by insured; victim alleged that insured committed assault and battery, but insured alleged that injuries were accidental); *Continental Cas.*, supra at 616-617 (1) (issue of fact as to whether altercation was intentional or not precluded summary judgment in favor of insurer). But see *Espanol v. Allstate Ins. Co.*, 268 Ga. App. 336, 338-339 (601 SE2d 821) (2004)

## Case Nos. A08A1064 and A08A1065

2. Kim and Yang contend that the trial court erred in its finding that Nationwide was not responsible for coverage of any punitive damages award because the insurance policy did not include coverage for punitive damages. Relying on *Ga. Farm &c. Ins. Co. v. Hall County*,[9] the trial court ruled that "by seeking punitive damages, [a claimant] has explicitly alleged that the act was intentional or at least evinced an expectation of harm."[10] Nationwide contends that this ruling was correct for two reasons: (a) since punitive damages cannot be imposed without a finding of culpable conduct based upon either intentional or wilful acts, the negligent acts alleged by Yang in her complaint are inadequate to support a punitive damages award; and (b) since the policy contains an intentional/wilful acts exclusion, it does not provide coverage for punitive damages. Although Nationwide makes a persuasive argument, we find that the trial court's reliance on *Ga. Farm Bureau*,[11] is misplaced; *Ga. Farm Bureau* is distinguishable. *Ga. Farm Bureau* did not involve the question of whether punitive damages were covered under the policy at issue. In that case, there was no coverage under the policy for any damages because the facts alleged in the underlying complaint did not constitute an "occurrence" or an "accident," defined in Georgia as "an event which takes place without one's foresight or expectation or design."[12] Rather, the complaint alleged breach of contract or fraud, involving deliberate acts with expected consequences which were simply not covered by the policy.[13]

In this case, as determined in Division 1, supra, a factual issue exists as to the nature of Yang's actions. Given this determination, and keeping in mind that the question of punitive damages is ordinarily an issue for consideration by the jury,[14] we find *Ga. Farm Bureau* inapplicable to the facts of this case. To hold otherwise would

---

(intentional acts exclusion applied where evidence showed that insured walked up to neighbor while he was watering his lawn and shot him in the back); *Tripp v. Allstate Ins. Co.*, 262 Ga. App. 93 (584 SE2d 692) (2003) (intentional acts exclusion applied where evidence showed that insured's son was on a mission to buy marijuana and was armed with a shotgun when he shot victim); *Horace Mann Ins. Co. v. Drury*, 213 Ga. App. 321, 321-322 (1) (445 SE2d 272) (1994) (criminal act exclusion applied to injuries caused by illegal possession of firecrackers).

[9] 262 Ga. App. 810 (586 SE2d 715) (2003).

[10] Id. at 814 (1), citing *Consolidated American Ins. Co. v. Spears*, 218 Ga. App. 478, 480 (1) (462 SE2d 160) (1995) (facts necessary to support punitive damages require a level of intent greater than that necessary to trigger insurance policy's "intended or expected" exclusion).

[11] Supra.

[12] (Citation, punctuation and footnote omitted.) Id. at 813 (1).

[13] Id.

[14] See *Christopher Investment Properties v. Cox*, 219 Ga. App. 440, 444 (2) (465 SE2d 680) (1995), overruled on other grounds, *Amend v. 485 Properties*, 280 Ga. 327 (627 SE2d 565) (2006) ("[w]hether a defendant's actions are wilful, wanton or malicious so as to sustain a

render meaningless our decision in Division 1, and permit the trial court to exceed its power by resolving a material issue of fact.

We are bound by our decision in *Lunceford v. Peachtree Cas. Ins. Co.*[15] that an insurer must expressly and specifically exclude punitive damages if it does not intend to provide coverage therefor. In that case, Peachtree Casualty Insurance Company ("Peachtree") filed a declaratory judgment action to determine its obligation to pay punitive damages in connection with a personal injury action filed against its insured, arising out of an automobile collision and alleged DUI. We reversed the grant of summary judgment to Peachtree on the issue of coverage for punitive damages because the insurance policy did not explicitly exclude punitive damages, noting that "[h]ad [the insurer] wished not to cover or to exclude punitive damages, it could have done so clearly and specifically. It did not, and consequently, it is bound by the broad language of the policy."[16] Like *Lunceford*, the policy here contains an exclusion for bodily injury or property damage caused by intentional acts, but does not contain an exclusion for punitive damages.[17] Absent such an exclusion, Nationwide is liable for coverage of punitive damages in this action, and the trial court erred in ruling otherwise.[18]

Since the insurance policy does not explicitly exclude punitive damages, Nationwide may be obligated to pay such an award if the jury finds evidence of maliciousness or wanton disregard for consequences. We note that "since denial of a motion for summary judgment decides nothing except that under the evidence considered

claim for punitive damages is ordinarily an issue for consideration by a jury") (citation omitted).

[15] 230 Ga. App. 4 (495 SE2d 88) (1997).

[16] Id. at 5 (1). See also *Grain Dealers Mut. Ins. Co. v. Pat's Rentals*, 269 Ga. 691, 692-693 (505 SE2d 729) (1998) ("[U]nder Georgia law, an insurance company is free to fix the terms of its policies as it sees fit, so long as such terms are not contrary to law, and it is equally free to insure against certain risks while excluding others. As is the case with all contracts, unambiguous terms of an insurance policy require no construction, and the plain meaning of such terms must be given full effect, regardless of whether they might be beneficial to the insurer or detrimental to the insured") (footnote omitted).

[17] See *Lunceford*, supra ("the law is clear in this state that an insurer, 'having affirmatively expressed coverage in broad promissory terms, has a duty to define any limitations or exclusions clearly and explicitly' ") (citation omitted).

[18] Compare *Flynn v. Allstate Ins. Co.*, 268 Ga. App. 222 (601 SE2d 739) (2004), which recognized the holding in *Lunceford*, supra, but affirmed the grant of summary judgment to the insurer on the appellant's claim for punitive damages on the ground that "[a] claim for punitive damages has efficacy only if there is a valid claim for actual damages to which it could attach. Punitive damages may not be recovered where there is no entitlement to compensatory damages." (Punctuation omitted.) *Flynn*, supra at 222-223, citing *Southern Gen. Ins. Co. v. Holt*, 262 Ga. 267, 270 (2) (416 SE2d 274) (1992). Since Mr. Flynn had settled his property damages claim and could not recover for bodily injury, his punitive damages claim had nothing to which it could attach. *Flynn*, supra at 223.

at that time there can be no judgment rendered as a matter of law."[19] There is nothing to preclude a subsequent directed verdict on this issue once liability is determined.

*Judgment affirmed in Case No. A08A1063. Judgment reversed in Case Nos. A08A1064 and A08A1065. Smith, P. J., and Adams, J., concur.*

### DECIDED NOVEMBER 14, 2008.

*Temple, Strickland, Dinges & Schwartz, William A. Dinges*, for Nationwide Mutual Fire Insurance Company.

*Williston C. White*, for Kim.

*Murphy & Marshall, Robert A. Marshall*, for Yang.

---

[19] (Citations omitted.) *Timber Equip. v. McKinney*, 166 Ga. App. 757, 757-758 (1) (305 SE2d 468) (1983).