[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12975
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-01914-TWT

SONYA FULLER,

Plaintiff–Counter Defendant
Appellant,

NATIONSTAR MORTGAGE, LLC,

Plaintiff,

versus

MERCURY INSURANCE COMPANY OF GEORGIA,
a foreign insurance corporation,

Defendant–Counter Plaintiff
Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 10, 2018)

Before WILLIAM PRYOR, JULIE CARNES, and HULL, Circuit Judges.

PER CURIAM:

Sonya Fuller appeals the summary judgment against her complaint that her insurer, Mercury Insurance Company of Georgia, breached its contract and acted in bad faith by denying her claim for losses to her home and personal property. The district court ruled that Mercury could deny payment to and cancel Fuller's homeowner policy under a provision that excluded from coverage claims involving concealment or fraud based on the unrebutted evidence of wrongdoing supplied by her plea of guilty under *North Carolina v. Alford*, 400 U.S. 25 (1970), to insurance fraud. We affirm.

After Fuller's house in Smyrna, Georgia, was damaged by a fire, she submitted a claim to Mercury for her loss. Mercury determined that Fuller or someone acting at her behest started the fire and denied Fuller's claim based on two clauses in her insurance policy that excluded coverage for intentional loss and for concealment or fraud. The policy excluded any "Intentional Loss, meaning any loss arising out of any act committed: (a) by or at the direction of any Insured; and (b) with the intent to cause a loss." The "concealment or fraud" clause stated that the "policy will be cancelled and any unpaid claims denied if an Insured has, before or after a loss: (a) intentionally concealed or misrepresented any material

2

fact or circumstance; or (b) made false statements or engaged in fraudulent conduct relating to this insurance."

Fuller filed a complaint in a Georgia court against Mercury for refusing to pay her claim, and Mercury removed the action to the district court. Mercury answered that it had not breached a contractual duty owed to Fuller, requested a judgment declaring that it had "no obligation to satisfy [Fuller's] claim for insurance proceeds," and counterclaimed to recover money that it had advanced to Fuller. In the meantime, a grand jury in Georgia indicted Fuller for arson and insurance fraud. Fuller entered a plea of convenience to the charge of insurance fraud, Ga. Code Ann. § 33-1-9(a), and received a sentence of probation.

Mercury moved for summary judgment, which the district court granted as to a lack of liability but denied as to the amount of restitution. The district court ruled that Fuller's plea of guilty to "fraudulent conduct," which provided "*prima facie* evidence of an intentional act that would cancel her insurance policy" and had not been "rebut[ted] . . . in any meaningful way," resulted in a "cancel[lation [of] the Policy, and [the elimination of any duty on the part of] Mercury . . . to cover Fuller's claim." The district court "reserved to the jury" the issue of what "amount Mercury paid out" and was due in restitution. Later, the parties stipulated to the amount of restitution, and the district court awarded that amount to Mercury.

3

We review *de novo* a summary judgment. *Cynergy, LLC v. First Am. Title Ins. Co.*, 706 F.3d 1321, 1326 (11th Cir. 2013). Summary judgment is appropriate if there exists "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The district court did not err by entering summary judgment in favor of Mercury. Fuller's conviction was sufficient to establish a prima facie case of insurance fraud. *See Trustgard Ins. Co. v. Herndon*, 790 S.E.2d 115, 118 (Ga. Ct. App. 2016); *Harden v. State Farm Fire & Cas. Co*, 605 S.E.2d 37, 38 (Ga. Ct. App. 2004); *State Farm Fire & Cas. Co. v. Moss*, 441 S.E.2d 809, 810 (Ga. Ct. App. 1994). Fuller's plea of guilty constituted an "admission that [she] committed the crime charged against [her]," *Alford*, 91 S. Ct. at 32, of making a false or fraudulent statement or misrepresentation in a written statement or when filing her insurance claim, Ga. Code Ann. § 33-1-9(a). Because the state court found that there was "[a] satisfactory [factual] basis for [Fuller's] plea," and Fuller confirmed that she was entering her plea knowingly, intelligently, and voluntarily, her entry of a plea of convenience had the same significance as "an ordinary plea of guilt," *Blohm v. Comm'r of Internal Revenue*, 994 F.2d 1542, 1554 (11th Cir. 1998). *See Trustgard*, 790 S.E.2d at 119 (same); *Harden*, 605 S.E.2d at 38; *Argot v. State*, 583 S.E.2d 246, 248 (Ga. Ct. App. 2003).

4

Fuller argues that her *Alford* plea is only prima facie evidence of her guilt, but we agree with Mercury that Fuller failed to create a genuine issue of material fact about the validity of her plea. In the absence of any evidence that Fuller did not admit her guilt, her plea is conclusive evidence that she committed insurance fraud. Mercury was entitled to a judgment in its favor that it owed no coverage to her.

We **AFFIRM** the judgment in favor of Mercury Insurance.